PETER OBERNEIR, Respondent, v. ELIZA TRESELER ET AL., Appellants.

St. Louis Court of Appeals, November 24, 1885.

FRAUDULENT CONVEYANCES.—A voluntary conveyance will not be up]

held against an existing creditor who can not obtain satisfaction of his demand without resorting to the property so conveyed.

APPEAL from the St. Louis Circuit _ _ _. W. H. HORNER, Judge.

*Affirmed.*

MUENCH & CLINE, for the appellants: The relinquishment of dower is a sufficient consideration for a provision for the wife. Bump, Fraud. Con. 310; *Woodson v. Pool,* 19 Mo. 344.

T. A. RUSSELL for the respondent: A voluntary conveyance by a man to his wife, while in debt, is fraudulent and void as to existing creditors. *Potter v. McDowell,* 31 Mo. 62; *Pawley v. Vogel,* 42 Mo. 291-303; *White v. McPheeters,* 75 Mo. 286-294; *Hastings v. Crossland,* 13 Mo. App. 592. And it is not necessary that the grantor should be insolvent at the time, or that he contemplated a fraud upon his creditors. *Potter v. McDowell,* and *White v. McPheeters, supra; Bohannon v. Combs,* 79 Mo. 305-312. "If a conveyance is made without consideration, it is void as to existing creditors, without more." *Hurley v. Taylor,* 78 Mo. 238.

LEWIS, P. J., delivered the opinion of the court.

The defendants, Henry and Eliza Treseler, were husband and wife prior to April 28, 1884, when they were divorced. In January, 1883, Henry Treseler borrowed two hundred dollars from the plaintiff, giving his note at nine months for repayment. In May, 1883, Treseler desired to convey his homestead property on Twenty-sixth street and Cass avenue to one Klostermann, for $7,500, but his wife refused to join in the conveyance, until he agreed to transfer for her sole benefit a certain other lot on Cass avenue, together with one on O'Fallon street, and also to pay her $2,000 from the proceeds of the sale to Klostermann. There was an incumbrance of

$3,000 on the homestead property, which the vendee was to assume as part of the purchase money. There was also an incumbrance of $1,700 on the O'Fallon street lot, and Treseler, besides his indebtedness to the plaintiff, owed his mother four hundred dollars. When the parties met to execute the conveyances, Treseler caused to be included in the one for his wife's benefit four lots in Taylor avenue addition, which had not hitherto been mentioned. The testimony tended to show that this was a purely voluntary act on Treseler's part, and that Mrs. Treseler had no intimation of it until she read it in the deed, at the time of the execution and delivery. She, of course, made no objection. Treseler conveyed, for an expressed consideration of $3,200, to Mrs. Noltman, his wife's mother, who thereupon conveyed to Mrs. Treseler. No money was paid, or intended to be paid, except by Klostermann, who paid the $4,500 balance of purchase money in cash. In June following, Treseler paid his wife two hundred dollars of the $2,000 promised, but the remainder was never paid. On April 30, 1884, Treseler confessed judgment in favor of the plaintiff for $215.59. He was then insolvent, and has continued so to be, so that execution against him was unavailable. The object of the present action is to enforce payment of this judgment out of the property conveyed through Mrs. Noltman to Mrs. Treseler. There was a decree for the plaintiff as to the Taylor avenue lots only ; and from this judgment Mrs. Treseler appeals.

We think the decree was right. The force of the arguments against it may be condensed into the proposition that the conveyance of all the lots through Mrs. Noltman to Mrs. Treseler was an entire and indivisible transfer, for the single consideration of Mrs. Treseler's release of dower in the homestead property, and it is error, therefore, to separate the Taylor avenue lots from the others, in identifying a valuable and sufficient consideration for the entire property. Waiving the question whether, under all the circumstances of the case, there was a valid conveyance of any of the property against existing cred-

itors, it is perfectly clear that thus to lump the whole transaction and declare its elements inseparable, would be to adjudicate upon the semblance, instead of the reality. Looking only on the surface, we find Mrs. Treseler, on the one hand, releasing her dower contrary to her inclinations, and on the other, Treseler compensating her with a transfer of property, including the Taylor avenue lots. But beneath this we see it plainly established by all the testimony, that Mrs. Treseler never demanded, expected, or received these lots as having any connection with the agreed consideration for her sacrifice. They came to her without solicitation, stipulation, or purchase in any way. It is true, that all previous negotiations are generally merged in the act of consummation. But here, the element of gratuity did not cease to be present in the consummation itself. The lots were a free gift from Treseler, and nothing else. Courts must in such cases act upon things, and not upon appearances, which differ from the things done. There is a suggestion that these lots were substituted for the $2,000 which the husband failed to pay. But not a line in the record intimates that such an idea was ever thought of by any of the parties concerned. The subsequent payment of two hundred dollars by Treseler to his wife, certainly does not confirm any suspicion that the money obligation had been already compounded and settled.

It is pretty well settled in this state that a conveyance without consideration will not be upheld against an existing creditor who afterwards finds it impossible to obtain satisfaction of his demand without resorting to the property so conveyed. *Potter v. McDowell*, 31 Mo. 62 ; *Pawley v. Vogel*, 42 Mo. 291 ; *Hurley v. Taylor*, 78 Mo. 238.

The rule well fits the facts in the present case, and the circuit court made a justly discriminating application of it to the conveyance of the Taylor avenue lots.

The judgment is affirmed, with the concurrence of all the judges.