HURLEY, *Appellant*, v. TAYLOR.

**Fraudulent Conveyances.** If a conveyance is made without consideration, it is void as to existing creditors, without more. As to subsequent creditors it is void if it is made with intent to hinder, delay and defraud them. If it is founded on a valuable consideration, it will be held valid notwithstanding such fraudulent intent, unless the grantee participated therein.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge

AFFIRMED.

*McReynolds & Halliburton* for appellant.

*Joseph Cravens and Spencer & Thomas* for respondent.

MARTIN, C.—This was a suit in equity commenced on the 23rd day of April, 1879, by a judgment creditor, who had become a purchaser at execution sale of two lots in Holman's addition to the city of Carthage, as belonging to his debtor. He sought to have certain conveyances set aside, as having been made without consideration and for the purpose of hindering, delaying and defrauding creditors.

It appears from the evidence that the plaintiff, on the 19th day of March, 1878, recovered a judgment against Meredith Taylor in the sum of $702.90 and costs; that in executing this judgment he levied upon the lots in controversy, and on the 26th day of March, 1879, he purchased the same at execution sale as the property of said Meredith Taylor. It is true that these lots belonged to Meredith Taylor prior to the 20th day of February, 1877, but at that date he conveyed the same to John H. Taylor, his brother, for an expressed consideration of $1,000, but in fact for no consideration whatever. On the 16th day of January, 1878, said John H. Taylor conveyed said lots to Adelia Taylor, wife of said Meredith, for an expressed consideration of $2,000, but in fact for no consideration at all. This placed

the record title in Adelia Taylor. On the 23rd day of May, 1878, she, joining with her husband, conveyed the lots by mortgage deed, to defendant, Jno. C. Cox, to secure a note of $1,200 described in it, which note was given to secure a loan of $1,000 borrowed from said Cox. It appears from the evidence that said Cox loaned his money upon the faith of Mrs. Taylor's record title, as disclosed by the abstract of title furnished by the examiner. There is no evidence that he knew anything about the previous conveyances, except as they appeared of record, all reciting valuable considerations paid for them. About $502 of the loan went to pay off an incumbrance on the mortgaged lots, and the balance was expended in building a house in Joplin. There was some evidence showing that Meredith Taylor was in debt at the time of his conveyance to John H. Taylor.

On this evidence the court entered up a decree setting aside the conveyance of Meredith Taylor to John H. Taylor, and the conveyance of John H. Taylor to Adelia Taylor; but found that defendant Cox had loaned his money and taken the mortgage in good faith; and gave the plaintiff the right to redeem the lots by paying Cox the money loaned by him within six months from the date of the decree, amounting to $1,000 with interest. The decree substantially vested the title of the lots in plaintiff subject to the mortgage of defendant Cox. From this decree the plaintiff alone has appealed.

He insists that the mortgage deed held by Cox should also have been set aside as fraudulent. But this position cannot be sustained under the evidence before us. So far as the deeds of Meredith Taylor and John H. Taylor are concerned the decree is supported by the evidence. These deeds being without consideration were void as to existing creditors. And as to subsequent creditors, they were void if made with the actual intent to hinder, delay and defraud them. But the mortgage deed to Cox rests upon a more solid foundation. Being made for an adequate valuable consideration, it is expressly within the protection of the

statute against fraudulent conveyances if made *bona fide.* R. S. 1879, § 2502. The plaintiff has alleged in his petition, that there was no such consideration for the mortgage as it recites. The evidence disproves this allegation. To render such an instrument void it would be necessary to show that it was made and contrived with the actual intent of hindering, delaying and defrauding creditors, as for instance to cover up and conceal the property of the debtor, or to raise funds which were to be kept from the reach of process or payment of debts, and that the grantee participated in this intent. It is needless to say that the record fails to disclose any want of good faith in Mr. Cox, when he parted with his money and accepted this mortgage to secure his debt. Neither was there anything to put him on his inquiry as to the true character of the previous conveyances; they all recited valuable considerations, thus advising him of their validity. *Odle v. Odle,* 73 Mo. 289.

The decree is affirmed. PHILIPS, C., concurs; WINSLOW, C., not sitting, having been of counsel.