Strauss v. Ayers.

F. STRAUSS, Respondent, v. JOHN AYERS *et al.*, Appellants.

**St. Louis Court of Appeals, February 19, 1889.**

1. **Practice, Appellate:** GENERAL OBJECTIONS TO EVIDENCE. General objections to the admissibility of evidence, which do not state the specific grounds of objection, will not be considered by an appellate court.

2. **Garnishment:** VOLUNTARY GIFT. A voluntary gift of money by an attachment debtor to the garnishee at the time of the attachment and garnishment, is void as against the attaching creditors, and the garnishee will be liable for the same under the garnishment.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*O. H. Travers*, for the appellants.

The gift of three hundred dollars to Kinney by Ayers was complete, he receiving possession of the money at time of gift. 1 Pars. Con. [ 6 Ed.] 234; *Spencer & Husband v. Vance*, 57 Mo. 427; *Dœring v. Kenavan*, 86 Mo. 588; *Vogel v. Gast*, 20 Mo. App. 104. The gift once made is irrevocable by the donor. 1 Pars. Con. [ 5 Ed.] 235. Ayers having made gift to Kinney of three hundred dollars, could not recover it back from him in an action of debt or *indebitatus assumpsit*. This being the condition of Ayers, his creditors, Strauss & Co., could not recover from Kinney on garnishment. 2 Wade on Attach., sec. 448, and authorities cited in note 1; *Sheely v. Bank*, 62 Mo. 17. Only legal indebtedness is subject to garnishment. Equitable demands

are not reached by this process.    It is purely a statutory remedy, and courts will not extend its operation beyond statutory confines.    2 Wade on Attach., secs. 488, 415. And equities existing between the principal defendant and the garnishee cannot be settled in garnishment proceedings.    *May v. Barker*, 15 Ill. 89 ; *Lackland v. Garische*, 56 Mo. 267.    To become a proper subject of garnishment, the liability must be absolute and unconditional.    If prospective or subject to any contingency, garnishment will not reach it.    *Driscoll v. Hoyt*, 11 Gray, 404.    And must be due as a money demand, unaffected by any condition of trust.    *Searle v. Southern*, 37 Mo. 520 ; *Weil v. Tyler*, 43 Mo. 581.    If the garnishee holds the money in pledge to secure an indebtedness to himself, it is not subject to garnishment. *Davis v. Wilson*, 52 Iowa, 187 ; *Badlau v. Tucker*, 1 Pick. 389 ; *Aldrick v. Woodcock*, 10 N. H. 99 ; *Force v. Brown*, 32 N. J. Eq. 118 ; *McElvaine v. Lancaster*, 42 Mo. 96.    Could Ayers have recovered of Kinney ?   If not the plaintiffs here have no right of recovery. *Brigden v. Gill*, 16 Mass. 522 ; *Hirkley v. Williams*, 1 Cush. 490 ; 2 Wade on Attach., sec. 416 ; *Field v. Crawford*, 6 Gray, 116 ; Drake on Attach. [ 3 Ed.] secs. 490, 551 ; Lewin on Trusts, 538 ; *Ward v. Bixton*, 108 Mass. 102.    If Kinney possessed a discretionary power to exercise in connection with the money Ayers had put in his hands, he is not subject to garnishment. Lewin on Trusts, 538 ; *Williams v. Sturdevent*, 7 Pick. 194 ; *Webb v. Pearl*, 7 Pick. 247 ; *Madison v. Andrew*, 1 Ves. 60 ; *Dunnell v. Bedford*, 3 Ves. 149 ; *Raynes v. Society*, 4 Cush. 343 ; *Wright v. Ford*, 5 N. H. 178 ; *Collins v. Bingham*, 11 N. H. 42 ; *White v. Richardson*, 12 N. H. 93.

· *F. S. Heffernan*, for the respondent.

The gift of the three hundred dollars to Kinney was fraudulent as to creditors, and can be reached only by

garnishment, although it is possible that Ayers had no legal remedy against Kinney to recover it back. *Hurley v. Taylor*, 78 Mo. 238 ; *Funkhouser v. Lay*, 78 Mo. 458 ; *Baldwin v. Whitcomb*, 71 Mo. 651. The gift to garnishee, of the three hundred dollars, being a voluntary gift made with a fraudulent intent, is void as to creditors. This is true though the donee was ignorant of the fraud. *Shaw v. Tracy*, 83 Mo. 224 ; *Donovan v. Dunning*, 69 Mo. 436 ; *Payne v. Stanton*, 59 Mo. 159 ; *Potter v. McDowell*, 31 Mo. 69 ; *Bank v. Hamilton*, 34 N. J. 160 ; *Crawford v. Kirksey*, 55 Ala. 282 ; Wait on Fraudulent Con., sec. 93. The burden of proof is on Kinney, donee, to repel the presumption of fraud. *Walsh v. Ketchum*, 84 Mo. 427 ; *Dickesfield v. Bank*, 28 W. Va. 341. The gift being voluntary, and the fraudulent purpose of the donor known to the garnishee, renders the fund liable to garnishment. *Goffe v. Stern*, 12 Mo. App. 115 ; *Pickens v. Dorris*, Mo. App. 2 West, 420. The gift to Kinney of the three hundred dollars is void as to creditors. Every deed of gift and conveyance of goods and chattels, in trust, to the use of the person so making such deed of conveyance, is declared to be void as against creditors, existing and subsequent, and purchasers. R. S. sec. 2496 ; *Potter v. McDowell*, 31 Mo. 62 ; *Eddy v. Baldwin*, 32 Mo. 369. The gift to Kinney is void as to creditors. *Hurley v. Taylor*, 78 Mo. 238.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff instituted suit by attachment, against the defendant, May 27, 1881, for the recovery of a debt of $281.98, and on the same day caused A. S. Kinney to be summoned on the attachment writ as garnishee. Subsequently, and prior to the trial herein, the plaintiff recovered judgment for the amount claimed against the defendant Ayers.

Interrogatories were filed to be answered by the garnishee, and he answered, denying all indebtedness. The plaintiff filed a denial which stated among other things, "that at the time of the service of the garnishment, the garnishee had in his possession or under his control the sum of four hundred and ninety-four dollars in money, the property of the defendant John Ayers."

The denial was not replied to, but the cause was tried as if the issues had been properly framed under the provisions of section 2533, Revised Statutes, and no point was, or is, made by either party touching the omission of a reply, hence we will treat the case, as if one had been filed. The trial resulted in a judgment of two hundred and five dollars against the garnishee, from which he prosecutes this appeal.

The following facts appeared in evidence. Two attachment suits were prosecuted against the defendant Ayers at the same time. One by Horine for the recovery of ninety-five dollars, and plaintiff's suit above mentioned, and Kinney was summoned as garnishee in both actions. He was summoned as garnishee in the Horine suit, on the same day as in plaintiff's, but at a prior hour. The Horine garnishment was tried in June, 1881, and resulted in a judgment against the garnishee for ninety-five dollars, which amount he paid. There was evidence tending to show the insolvency of the defendant Ayers at the date of these garnishments.

Upon the trial of this case, Horine testified that upon the trial of his garnishment suit against Kinney, the latter admitted that he had about five hundred dollars of the money of Ayers' in his hands, and claimed that three hundred dollars of the amount was handed to him by Ayers as a gift. To rebut this evidence, the garnishee in his own behalf testified as follows:

"On May 27, 1881, Ayers gave me three hundred dollars. He was under indictment in the circuit court and I was on his bond. I told him I would not take the money unless he would let me do as I pleased with

it, and on condition that he would let me use it as I thought best for him in settling his indictments and in paying his debts. The next day he paid me one hundred and eighty dollars or one hundred and ninety dollars to pay his debts with. This made in all four hundred and eighty dollars or four hundred and ninety dollars he paid me. I did not have enough money including all he gave me, to pay his debts. I applied every cent I got from him to the payment of his debts. Ayers told me to use his money as I thought proper for him. The next day after the garnishment, Mr. Heffernan came to me with Mr. Lang, and I then agreed to pay Lang one hundred dollars which I afterwards did. I paid out more than five hundred dollars of his debts. I received all the money before the garnishment, except the three hundred dollars which I received the day of the garnishment. I paid out twenty dollars more than he gave me and it was all paid out before I was garnished. I applied every cent of it to · the payment of his debts. He told me to use the money for him as I thought proper.

On cross-examination, witness was asked the following questions : "In June, 1881, during the trial of S. H. Horine against John Ayers, defendant, and A. F. Kinney, garnishee, before McPherson, justice of the peace, while on the witness stand in your own defense, did you not swear that at the time of the service of the garnishment you had in your possession $492.75, but before the day of trial you had paid out $192.75 on debts of John Ayers ? "

"I probably swore I had received $492.75 from Ayers ? "

"Did you not swear that you paid thirty-nine dollars to sheriff Patterson for costs, forty-two dollars to Dr. McPherson for a fine, eleven dollars and twenty-five cents to Kerchner Bros. for ice, one hundred dollars to Lang for Ruddle, and the three hundred dollars was a gift ? "

" Yes."

"What was the understanding between you and Ayers when you received this money, in regard to what you was to do with it?"

"I was to use my own discretion in paying his debts."

Here attorney for plaintiffs read the following, purporting to be part of the testimony of Kinney before McPherson in June, 1881.

"I am acquainted with John Ayers and know when he sold his saloon to Ruddle Bros. I know that Horine sued out an attachment against him. I know that he was indebted. Ayers put $192.75 in my hands to pay a part of his debts. I paid thirty-nine dollars to McPherson in satisfaction of a fine and costs when he pleaded guilty to some misdemeanor. I paid forty-two dollars in the circuit court when he pleaded guilty to selling liquor on Sunday. One hundred dollars I paid to Ruddle Bros. and Lang in satisfaction of some bills; it did not pay Lang in full. I paid $11.75 to Kerchner for ice. He gave me three hundred dollars as a present, or to help him out of a difficulty. I considered it as a present. I told him I would not take it any other way. It is my money, not his. I have not any money belonging to Ayers. It is mine. I never intended, nor do I now ever intend to give any of the money back to him." And asked the witness whether he had not so testified before the justice.

Kinney answered: "The only difference between your statement and my statement before McPherson is that I always told him I was to have the money to use as I pleased in fixing up his debts."

The complaints made on this appeal are, that the court permitted plaintiff to give illegal evidence, and misdirected the jury as to the law.

Touching first complaint it will suffice to say, that every one of the objections of the garnishee to the introduction of evidence, is a general objection, specifying

no grounds of objection whatever, hence, under the rule governing appellate procedure in this state, the propriety of the action of the court on that head is not subject to review on appeal.

The garnishee asked the court to instruct the jury in substance, that if the money was received by the garnishee as a gift or in trust for the use of Ayers, or for the purpose of being paid to the creditors of Ayers, or to hold Kinney harmless as security for Ayers, then the garnishee was not liable. These instructions the court refused.

The court gave at the garnishee's instance, two instructions. One declared that if the garnishee had no money, goods or effects of the defendant in his hands at the date of the garnishment, they will find the issues for the garnishee. The other declared that even though the jury found that Kinney had received money from Ayers, still if they further found that he had paid it all out before he was summoned as garnishee in this case, they should find a verdict for him.

Upon plaintiff's request, the court instructed the jury in substance : (1) That if they found that Kinney was indebted to Ayers at the date of the garnishment, he was liable for the amount of such indebtedness, less the sum of ninety-five dollars paid on the Horine judgment. (2) That if Ayers gave to Kinney three hundred dollars either as a gift or to do with it as he pleased, and such money or part thereof was in Kinney's hands at the date of the garnishment, then he was liable, less the sum of ninety-five dollars as above.

There was no error in these instructions. There is no pretense in the testimony that any part of the money given by Ayers to Kinney was given for the purpose of paying certain specified creditors, so as to constitute Kinney a bailee of such creditors, nor is there any pretense that the three hundred dollars upon which the

jury's finding is predicated was given to Kinney, either for his own security or for the benefit of any specified creditors. Kinney's own testimony completely rebuts any such inference.

True it is that the proceeding by garnishment is a statutory remedy, and that, as a general rule, the rights of the creditor against the garnishee are the same and no greater than those of the defendant in the attachment. This however holds good only in the absence of fraud. Whether Ayers was at the time of the supposed gift of three hundred dollars to Kinney, insolvent or not, it is evident that although a complete title to the money may have passed to Kinney as against Ayers, no title whatever did pass as against Ayers' then creditors. The ground of attachment in the case was that the defandant had fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors. A voluntary conveyance is void against existing creditors regardless of intent. *Hurley v. Taylor*, 78 Mo. 238; *Bank v. Overall*, 16 Mo. App. 510, 515.

Nor is there any merit in the garnishee's contention that this question of fraud can not be tried in a garnishment proceeding. The contrary was decided as early as *Lee v. Tabor*, 8 Mo. 322, and is still the adjudged law in this state. *Eyermann v. Krieckhaus*, 7 Mo. App. 455; *Brokerage Co. v. Cronin*, 14 Mo. App. 586. In fact upon the garnishee's own evidence coupled with the finding of the jury that he had paid out no part of the three hundred dollars received from Ayers prior to the garnishment, the verdict of the jury for two hundred and five dollars, that is, the three hundred mentioned less ninety-five dollars, paid upon the Horine garnishment, was an inevitable conclusion.

All the judges concurring, the judgment is affirmed.