ROBERTS *et al., Appellants*, v. WALKER.

1. **Land: EQUITABLE CHARGE: QUANTUM OF EVIDENCE.** Where the legal title to land is sought to be impressed with an unwritten equitable charge, the evidence to support the latter must be clear and satisfactory.

2. **Wife's Chattels: SEPARATE ESTATE.** Even prior to the married woman's act of 1875 (Revised Statutes, 1879, sec. 3296) a husband might invest his wife's antenuptial chattel property with the character of a separate equitable estate [as between the parties] by agreement and a uniform course of conduct thereto during their marriage.

3. ———: ———: **PART PERFORMANCE: JOINTURE.** Property received by the wife after her husband's death by virtue of such an agreement could not constitute a part performance or valid consideration for an alleged parol contract in the nature of jointure.

*Appeal from Andrew Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

THIS is the second appeal in this cause, the first being reported (under the same style) in 82 Mo. 200. The petition and general nature of the case are stated quite fully there.

The suit is in equity to enforce an alleged contract or settlement in the nature of jointure, said to have been

made between Joseph Walker and defendant, during the life of the former. The petition proceeds on the theory that Joseph Walker, prior to the enactment of the law of 1875 (Revised Statutes, 1879, sec. 3296) concerning married women, had acquired by virtue of his marriage with defendant a considerable amount of property, formerly hers, and had reduced it to possession; that, afterwards, he proposed that upon his death she should receive and take such of her former property as then remained, in lieu of all claim on her part for dower and homestead; that having assented thereto she took the property in question after his death, amounting in value to several thousand dollars, but still held possession of the mansion house and claimed all her rights of dower and homestead in disregard of the agreement mentioned.

The answer, besides a general denial, stated as an affirmative defense that, at the time of her marriage to Joseph Walker, she was possessed of a large estate in chattels, consisting of horses, etc., and that the same remained and constituted her separate and sole estate afterwards, and that her husband never claimed in his lifetime to own, control or intermeddle with any part of her said estate. She also admitted possession of the premises mentioned, claiming that her dower had not been admeasured to her, etc.

The reply put the new matter of the answer in issue.

The foregoing is merely an outline of the pleadings, but sufficient for the purposes of this appeal.

The cause was tried by the court and a great amount of evidence heard.

It appeared, among other things, that defendant and Joseph Walker intermarried somewhat late in life, and that each had at the time children by a former marriage. The plaintiffs in this controversy are the children of Joseph Walker by a former wife. Further particulars of the evidence are stated in the opinion.

Roberts v. Walker.

The trial resulted in a finding for defendant and a decree accordingly, from which plaintiff has appealed.

*William Heren* for appellants.

(1) The judgment of the court below is manifestly against the evidence given on the trial, and the law of the case as declared in 82 Mo. 200. (2) The judgment of the court below is clearly against the rights of the parties and the law of the case.

*Edwards & Ellison* for respondent.

(1) The evidence as to the agreement charged in the first count of the petition was conflicting. The trial court found no such agreement was made between Joseph Walker and defendant. While it is true the appellate court may, in equity cases, examine the whole of the evidence and decide the case anew, yet where the evidence is uncertain and it is doubtful to which side the preponderance should be given, the finding of the trial court on the facts will not be disturbed. A trial court has a better opportunity to judge of the credibility of the witnesses and the weight to be given to their evidence, and the appellate court will indulge the presumption that the decree of the trial court, so far as the weight of the evidence is concerned, was for the right party. *Gimbel v. Pignero*, 62 Mo. 240; *Sharp v. McPike*, 62 Mo. 300; *Royle v. Jones*, 78 Mo. 403; *Hendricks v. Woods*, 79 Mo. 590; *Ford v. Phillips*, 83 Mo. 523; *Snell v. Harrison*, 83 Mo. 651. (2) The evidence shows the husband was at most but a trustee to manage her separate property for her sole use, according to the agreement between them, made when neither knew or contemplated which would survive the other, or what effect such agreement would have on the right of dower or of homestead of the defendant. *Tennison v. Tennison*, 46 Mo. 77; *Holthaus v. Hornbostle*,

Roberts v. Walker.

60 Mo. 439; *Gentry v. McReynolds*, 12 Mo. 533. (3) The decision of the supreme court in *Roberts v. Walker*, 82 Mo. 200, was upon the sufficiency of the petition, the allegations of which for the purposes of the demurrer, considered in that decision, were taken as true. In the trial on the merits, evidence disclosed a different state of facts,—a clear recognition by the husband of the ownership in his wife, the defendant, of the personal property brought by her to the marriage. His acts were not merely prompted by kindness, but showed that he permitted her to use, enjoy, sell and dispose of the property for her own exclusive use and benefit. If he so treated her property, he thereby waived his common-law right to such property, *jure mariti*, and it is immaterial whether the marriage took place before or after the passage of this married woman's act of 1875; for if the property is her separate property by agreement between her and her husband, or by his acquiescence, equity will protect her right. *McCoy v. Hyatt*, 80 Mo. 130; *Bowen v. McKean*, 82 Mo. 594; *Hammons v. Renfrow*, 84 Mo. 332; *Huber v. Huber*, 10 Ohio, 372; *Wood v. Warden's Adm'r*, 20 Ohio, 518; *McFerran v. Finney*, 22 Mo. App. 554. (4) A parol contract to release dower and homestead is a contract relating to an interest in lands and is void under the statute of frauds. 2 Scribner on Dower [2 Ed.] chap. 12, sec. 1.

BARCLAY, J.—The evidence in this record is voluminous and very conflicting. We have examined it with care and agree with the conclusions which the finding of the trial court expresses. It would serve no useful purpose to review it at length. Briefly it may be said that, on plaintiff's part, the evidence tended to show that some sort of arrangement or understanding existed between defendant and Joseph Walker, during his life, by which she was to receive, after his death, all the personal property that came to him by virtue of

their marriage, and was then to leave the place to his children, but even the plaintiff's testimony fails to give the alleged contract stated in the petition a sufficiently definite substance to justify a court of equity in acting upon it to transfer an interest in real property.

Where a legal title to land is sought to be impressed with an unwritten equitable charge, the evidence to support the latter should be clear and satisfactory. There should be a decided preponderance of definite testimony to support the claim.

It is undoubtedly a fact in this case that Mrs. Walker, after the death of Joseph Walker, received from his personal representative a large amount of chattel property which had long been upon the farm occupied by the family, but the testimony in the case points quite as strongly to the inference that she received it as her own, pursuant to an understanding had between herself and husband, during their marriage, that her property should be enjoyed by her as a sole and separate estate, as to the conclusion that it was received by her pursuant to any such contract as plaintiffs allege. Indeed, there is quite as much probative force in the evidence given to support the alleged contract asserted in the answer as any that may be said to prove the agreement referred to in the petition.

It may now be accepted as settled law in this state that a husband, by agreement with his wife and a uniform course of conduct during marriage toward her chattel property, may (as between themselves and those in privity with them) invest such property with the character of a sole and separate equitable estate which a court of equity will recognize and protect. *Walker v. Walker* (1857), 25 Mo. 367; *Holthaus v. Hornbostle* (1875), 60 Mo. 439; *McCoy v. Hyatt* (1883), 80 Mo. 130.

If, as the answer charges and defendant's evidence tends to prove, Joseph Walker always treated and dealt with his wife's antenuptial property as her sole

and separate estate, then her assumption of the possession thereof, upon his death, would have no significance as a part performance of the contract asserted by plaintiff and could form no consideration for any agreement or settlement of such property upon her by way of jointure.

After reviewing the entire evidence in the case we see no just reason to doubt the correctness of the finding for defendant, which the learned trial judge entered, but, on the contrary, are entirely satisfied that the result reached was correct from every standpoint.

The only questions raised on this appeal relate to the proper conclusions to be deduced from the evidence as a whole.

Finding the assignments of error unfounded we all agree to affirm the judgment.