J. N. Dunlap, Respondent, v. W. R. Mitchell,
Defendant; R. H. Mitchell, Interpleader,
Appellant.

### Kansas City Court of Appeals, May 8, 1899.

**Fraudulent Conveyances:** VOLUNTARY: EXISTING CREDITORS: IN-
TENT: ASSUMPTION OF MORTGAGE: GARNISHMENT. A conveyance by
an indebted father of the valuable equity of redemption to a son on
consideration of love and affection is voluntary as to existing cred-
itors if the effect is to hinder and delay them, and this, too, regardless
of the intent of the parties and the fact that the son assumed the
mortgage debt; attachment and garnishment are proper remedies to
reach notes given to the son for the purchase price of the equity by
a subsequent purchaser.

*Appeal from the Saline Circuit Court.*—Hon. Richard
Field, Judge.

Affirmed.

Harry H. Parsons for appellant.

(1) The suit of the plaintiff can not be maintained.
Garnishment is strictly a legal proceeding and does not per-
form the office of a bill in equity. Only legal rights can be
reached by it; equitable rights can not be. Lackland v. Gar-
esche, 56 Mo. 267; Sheedy v. Bank, 62 Mo. 17, 25; Beckham
v. Tootle, 19 Mo. App. 603; Mercantile Co. v. Bettles, 58 Mo.
App. 384; Heineman v. Solomon, 47 N. W. Rep. 107;
Treusch v. Ottenburg, 54 Fed. Rep. 869; Feary v. Cummings,
1 N. W. Rep. 950; Ransom v. Hays, 39 Mo. 445; Eddy v.
Heath, 31 Mo. 141. Without doubt, under the statute per-
sonal property fraudulently transferred by a debtor, may be
reached in the hands of the fraudulent transferee by garnish-
ment. But this right is purely statutory and must be strictly

construed. R. S. 1889, sec. 5221; Lackland v. Garesche, *supra;* Epstein v. Clo. Co., 67 Mo. App. 221. But even where there is fraud, there is no statutory provision for maintaining garnishment against a fraudulent transferee where the property conveyed consists solely of real estate or its proceeds. State ex rel. v. McBride, 105 Mo. 265; Lionberger v. Baker, 88 Mo. 447; Bobb v. Woodward, 50 Mo. 95; Ryland v. Callison, 54 Mo. 513; Zoll v. Soper, 75 Mo. 460. (2) Under the rulings of the courts of this state the affirmative of the issue is on the interpleader, and it devolves upon him to prove his title by the preponderance of the evidence. But when he has so proven his title, made proof of payment and delivery of possession of the land to him before the institution of the attachment suit, the onus shifts, and the plaintiff to defeat this *prima facie* title of the interpleader, must show fraud by the preponderance of the evidence. The affirmative is on the plaintiff as to the issue of the fraud in the sale or transfer. Drug Co. v. Lusk, 73 Mo. App. 571; Deering v. Collins, 38 Mo. App. 78; Steinwender v. Creath, 44 Mo. App. 363; Tillman v. Heller, 11 L. R. A. 628; Albert v. Besel, 88 Mo. 150, 153; Gutzweiler v. Lackmann, 39 Mo. 99. (3) Under the pleadings in this case it is incumbent on the interpleader to establish clearly by the preponderance of the evidence, fraud on the part both of the grantor and the grantee. Pier v. Henrichoffen, 52 Mo. 333; Deyerle v. Hunt, 50 Mo. App. 541; Bruce v. Sims, 34 Mo. 246; Seibert v. Allen, 61 Mo. 482; Weil v. Posten, 77 Mo. 287; Bank v. Armstrong, 62 Mo. 59; Spooner v. Ross, 24 Mo. App. 599.

JOHN A. DUNLAP and HARVEY & GOWER for respondent.

(1) The law in this state is well settled that garnishment is a proper proceeding to reach the property, or its proceeds, of the debtor which have been fraudulently disposed of and are in the possession of the garnishee. Epstein v. Clo. Co., 67 Mo.

App. 221, and authorities cited.   The case of Lackland v. Garesche, 56 Mo. 267, cited by appellant, is one where an express trust relation existed and is not in point in the case at bar.  (2) Where an insolvent father conveys to his son land, the expressed consideration in the deed being love and affection, and at the time there was a mortgage on said land for about one-half of the value thereof, and the son raises the money to pay off said mortgage by resorting to the land alone, and after paying off said mortgage and all expenses incident thereto, there was left in the hands of the son about one-third of the value of said land, then such conveyance is fraudulent as to the grantor's creditors.   Miller v. Leeper, 120 Mo. 466.

GILL, J.—The controversy here is between plaintiff Dunlap and R. H. Mitchell, interpleader, as to the alleged ownership of the latter in three promissory notes of $100 each which plaintiff seeks to subject to the payment of a judgment he obtained against defendant W. R. Mitchell.  The notes were attached in the hands of one Campbell, who, in effect disclaiming any interest on his own account, came into court and offered to deliver the notes to the party found entitled thereto.   The issues between the interpleader and plaintiff were tried before the court below without the aid of a jury, resulting in a judgment in plaintiff's favor, and the interpleader has appealed.

STATEMENT.

Briefly stated, the material facts of the controversy are about these:  For several years prior to April 29, 1895, W. R. Mitchell (father of interpleader) owned two hundred and seventy acres of Saline county land on which he had given a mortgage for about $4,300.   On that day (April 29, 1895) said W. R. Mitchell and wife executed a deed for the land to their son, the interpleader, the conveyance reciting a consideration of love and affection.   About the same time the son, R. H. Mitchell gave back to his father a power of attorney containing full and complete authority to sell, convey, or in

short do whatever else the father might think best with the land.

The father, said W. R. Mitchell, then set about to dispose of the property, and during the early part of the year 1896, effected a sale of the entire tract, realizing therefrom the aggregate sum of $7,355, which was about $3,000 in excess of the mortgage thereon.   A portion of the purchase price at these last named sales was paid in cash, and a portion in notes payable to interpleader, and among the latter are the notes here in controversy.   It may be well also to state  that the business was so conducted as that out of the proceeds arising from the sale of the land, the old mortgage of $4,300 was paid and satisfied. .  But, as already stated, after the mortgage was paid there was a surplus, the notes in controversy being a part thereof.

Long prior to the matters hereinbefore stated, W. R. Mitchell had been the debtor of plaintiff Dunlap in the sum of $500.  In February, 1896, Dunlap brought attachment against the elder Mitchell and levied on the land.   But shortly thereafter said W. R. Mitchell induced Dunlap to dismiss the attachment suit on the promise that he, Mitchell, would within the month thereafter pay Dunlap $250 cash which would be accepted as a complete satisfaction of the old debt.   The elder Mitchell failed to pay as agreed, and plaintiff Dunlap then brought this action and levied on the notes in dispute as the property of said W. R. Mitchell.   Thereupon R. H. Mitchell interpleaded with the result before stated.

There is no merit in the claim of this appealing interpleader.   A man must be just before generous.   The case is this:   W. R. Mitchell was indebted to the plaintiff and other parties, was in fact insolvent.   He owned the land in question, worth according to the most conservative estimate not less than $7,300, and it was incumbered for $4,300.   The net interest, therefore, of said W. R. Mitchell in the land was not less than $3,000. Will he be permitted then to make a donation

of this property to his son, R. H. Mitchell, and thereby deprive his creditors of means to satisfy their claims? Surely not. A man can not be allowed to give away his property, when by so doing his existing creditors will be defrauded and left unprovided for. As to creditors existing at the date of such voluntary conveyance, if the effect thereof is to hinder or defraud them, such donation or gift will be held invalid, regardless, too, of the *intent* with which the voluntary conveyance is made. Payne v. Stanton, 59 Mo. 158; Hurley v. Taylor, 78 Mo. 238; Bank v. Overall, 16 Mo. App. 510; Strauss v. Ayers, 34 Mo. App. 248; Bank v. Winn, 132 Mo. 80, 89. The claim of interpleader, whether true or false, to the effect that in taking a transfer of his father's property he (the interpleader) assumed the mortgage thereon, can make no difference. It yet remains that interpleader took the entire value of the equity of redemption without paying anything therefor. As to this $3,000 interest or surplus, left after paying off the incumbrance, the transaction amounted to a gift thereof and the putting of said property interest beyond the reach of the father's creditors, in other words was a fraud on the rights of such creditors.

The notes in question then were unquestionably subject to levy for the satisfaction of plaintiff's claim against said W. R. Mitchell. Attachment and garnishment were, too, the proper remedy to reach the property thus transferred. R. S. 1889, secs. 539, 5221; Epstein v. Clo. Co., 67 Mo. App. 221.

Since then, under our view of the case the undisputed facts support the judgment, a discussion of the instructions becomes unnecessary. The judgment is clearly for the right party and will be affirmed. All concur.