Winn v. Riley.

---

WINN v. RILEY et al., Administrators, Appellants.

In Banc, June 19, 1899.

1. **Married Woman:** PERSONAL PROPERTY: MARRIAGE PRIOR TO 1875. Where the marriage occurred prior to the enactment of the Married Woman's Act of 1875, and after that date money was given to the wife by her father and charged to her as an advancement, and appropriated by her husband without her consent in writing, she can recover the amount from his administrator after his death.

2. ———: ———: ———: VESTED RIGHTS. The husband, where the marriage was consummated prior to the enactment of the Married Woman's Act of 1875, has a vested interest in all the wife's personal property, choses in action, etc., which came to her prior to that enactment; but he has no vested interest in her personal property acquired by her, by inheritance or otherwise, after that date.

*Appeal from Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

E. C. HALL, JOEL FUNKHOUSER and M. B. RILEY for appellants.

(1) The court erred in permitting any evidence on the demand. Lindsay v. Archibald, 65 Mo. App. 117. (2) A series of separate and independent transactions running through several years do not constitute an account. Compton v. Johnson, 19 Mo. App. 88. (3) Plaintiff and the decedent were married prior to the married woman's act of 1875, and the gifts of the father rested absolutely in the husband. Leete v. State Bank, 115 Mo. 184; Kidwell v. Kirkpatrick, 70 Mo. 214. (4) Statutes of limitations are of equal force in equity and at law. 14 Am. and Eng. Ency. of Law, 656. (5) A wife can not sue the husband at law. Ilgenfritz v. Ilgenfritz, 49 Mo. App. 127; McCorkle v. Goldsmith, 60 Mo. App. 475; Lindsay v. Archibald, 65 Mo. App. 117. (6) There is no evidence of a gift to plaintiff. Doering v. Kenamore, 86 Mo. 588; Vogel v. Gast, 20 Mo. App. 104; Broughton v. Brand, 94 Mo. 169. (7) The evidence does not show any account ever kept by the plaintiff or any intention on her part to ever claim the same or that she furnished any of the items or directed the same to be given to decedent. Riley v. Vaughn, 116 Mo. 169.

THOS. W. WALKER and TURNEY & GOODRICH for respondent.

(1) The evidence is uncontradicted that the money and property were gifts from her father to the claimant; that she

and her husband were both informed of this by her father at
the time; that it went into the husband's possession and was
used by him in his business of farmer and stock-raiser.    There
is no pretense that any party to the transactions was guilty of
fraud, deceit or concealment.    McGuire v. Allen, 108 Mo.
403; Morckel v. Heim, 46 Mo. App. 347; Pitkins v. Mott,
56 Mo. App. 401; McGregor v. Pollard, 66 Mo. App. 324;
Broughton v. Brand, 94 Mo. 169; Bank v. Winn, 132 Mo. 80;
Hart v. Leete, 104 Mo. 315; Rodgers v. Bank, 69 Mo. 562;
Alkire Grocer Co. v. Ballenger, 137 Mo. 369.    (2)    Mrs.
Winn has not by act or word given a fictitious credit to her hus-
band which can affect her right to recover.    The intervening
creditors loaned money to the deceased which he used in the
same business.    The only difference between them and the
claimant is that they charged him the highest legal rate of
interest for its use while she claims only the money that her
husband received.    She, no more than they, was required to
volunteer information that her husband was doing business on
borrowed money.    There is not the slightest analogy between
this case and the case of Riley v. Vaughn, 116 Mo. 179.    See
Alkire Grocer Co. v. Ballenger, 137 Mo. 375, and Bank v.
Winn, 132 Mo. 80.    (3)    The statute of limitations has no
application to this case.    The husband can acquire title to the
property in one way only, that is, by the written assent of the
wife.    Broughton v. Brand, 94 Mo. 169; Gilliland v. Gilli-
land, 96 Mo. 522.    Even a gift by the wife is not sufficient
if evidenced in any other way.    McGuire v. Allen, 108 Mo.
403; Rodger v. Bank, 69 Mo. 562; McCoy v. Hyatt, 80 Mo.
130.    To hold that lapse of time alone transfers the title to
the husband, would be inconsistent with all the decisions and
would nullify the provisions of the statute.    (4)    Although
the parties were married prior to the married woman's act of
1875, the gifts of the father to his daughter made subsequent
to the act, did not vest in the husband; and the amounts so
received by the husband was a valid indebtedness from the

husband to the wife. Bank v. Winn, 132 Mo. 80. (5) The married woman's act by its term, took effect from and after its passage, that is, from March 25, 1875. (Acts 1875, p. 61). The first two items of the account are for gifts made May 15, 1875, and one of these is paid by a credit of the same date. (6) The claim or suit was properly brought in the probate court. Todd v. Terry, 26 Mo. App. 598; Hoffmann v. Hoffmann's Exec., 126 Mo. 486; Church v. Church, 73 Mo. 421.

BRACE, J.—This is an appeal from a judgment of the circuit court of Clinton county, allowing a demand for $7,814.53 in favor of the plaintiff, Julia A. Winn, widow of James N. Winn, deceased, against his estate, on appeal from the probate court of said county.

The demand allowed is as follows:

"The estate of James N. Winn deceased,

To Julia A. Winn, Dr.

"To cash received by deceased at the times and in the sums following, the same being the separate estate of plaintiff, to wit:

| | | |
|---|---:|---:|
| May 15, 1875, to cash | $200 | 00 |
| May 15, 1875, to cash | 400 | 00 |
| Feb. 28, 1877, to cash paid in part satisfaction of note owing by deceased to George P. Dorris, at request of deceased | 1,000 | 00 |
| March 1, 1878, to cash paid on said note at request of deceased | 830 | 00 |
| March 1, 1879, to cash paid on said note at request of deceased | 830 | 00 |
| July, 1881, to cash | 500 | 00 |
| May, 1883, to cash | 1,500 | 00 |
| April 9, 1888, to cash and land converted into cash by deceased | 1,919 | 53 |
| May 1, 1894, to cash | 1,000 | 00 |
| Total debit | $8,179 | 53 |

SAME, CR.

| | | |
|---|---:|---:|
| May 15, 1875, by furniture | 200 | 00 |
| May 1, 1894, by carriage | 165 | 00 |
| Total credit | 365 | 00 |
| Balance due plaintiff | $7,814 | 53 |

The evidence tended to prove, and under proper instructions, the jury found, that the several items of money charged in the demand were given to the said Julia A. Winn at the

dates therein stated by her father, Berryman Shaver, and charged to her by him as advancements. That they came into the hands of her husband and were used by him in his business.

The several objections urged to the judgment may be answered without setting them out specifically.

The Married Woman's Act of 1875 went into effect on the twenty-fourth of March, 1875 (Laws 1875, p. 61). The plaintiff and the deceased were married prior to that date. Prior to the passage of this act, the husband, by the marriage, acquired title to the personal property of the wife in possession, and the right to reduce to his possession for his own use and benefit her choses in action. In Hart v. Leete, 104 Mo. 315, it was held that the right of the husband to so reduce his wife's choses in action into his possession was not a vested right and that the act of 1875 applied to all cases where the husband had not theretofore possessed himself of his wife's personal property. In the subsequent case of Leete v. State Bank of St. Louis, 115 Mo. 184, this ruling was disapproved, and it was therein held that the husband's right to acquire title for himself to the wife's property by reducing it to his possession was a vested right of which the Act of 1875 could not and did not deprive him. Consequently that as to such right acquired by a marriage prior to its passage that Act did not apply. In the able and exhaustive opinion of SHERWOOD, J., delivered in that case, the language of EDWARDS, J., in Westervelt v. Gregg, 12 N. Y. 202, is quoted with approval, aptly and tersely stating the principle as follows: "A right to reduce a chose in action to possession is one thing, and a right to the property which is the result of the process by which the chose in action has been reduced to possession, is another and a different thing. But they are both equally vested rights. The one is a vested right to obtain the thing, with the certainty of obtaining it by resorting to the necessary

proceedings, unless there be a legal defense, and the other is a vested right to the thing after it has been obtained." Or to state the proposition still more tersely, the vested right of the husband is a vested right *quoad* a thing in which the wife has a vested right. But if the thing had no existence at the marriage, the wife had no right in, and the husband could acquire no right *quoad* the thing, by the marriage. Both her rights in and his rights as to the thing, must be governed by the law in force at the time the subject of the action comes into existence, for then the rights of both first accrue. In consonance with this reasoning in that case, where the right of the wife to the property was vested in her by the will of her father in 1870, and the husband's right by the marriage vested in him in 1871, it was held that his marital rights to the property were not affected by the Act of 1875. So, this case, in which the property in question, the gifts to the wife (the plaintiff) from her father, not in existence at the time of the marriage and as to which neither she nor her husband then had any rights whatever or thereafter until after the Act of 1875 (R. S. 1879, sec. 3296; R. S. 1889, sec. 6869) went into effect, must be governed by that Act, under which the rights of both did first accrue, as was ruled in Bank v. Winn, 132 Mo. 80, a case "on all fours" with the one in hand, on this question.

Under this statute the husband had no power to appropriate these gifts to his own use without her consent in writing. [Jones v. Elkins, 143 Mo. 647; Alkire Grocer Co. v. Ballenger, 137 Mo. 369; Bank v. Winn, 132 Mo. 80; Hoffmann v. Hoffmann's Exec., 126 Mo. 486; McGuire v. Allen, 108 Mo. 403; Gilliland v. Gilliland, 96 Mo. 522; Broughton v Brand, 94 Mo. 169]. No such consent was shown, or given, and the money which came by these gifts of her father to the plaintiff, was her separate property, was not transferred to her husband by his use thereof, and was a trust fund in his hands for her benefit while in his use and possession. [Alkire Grocer Co.

State to use v. O'Neill.

v. Ballenger, 137 Mo. 369; Bank v. Winn, 132 Mo. 80; Hoff-mann v. Hoffmann's Exec., 126 Mo. 486].

As to such fund she could treat her husband either as a trustee or simply as a debtor. [Hoffmann v. Hoffmann's Exec., *supra*; Bank v. Winn, *supra*; Alkire Grocer Co. v. Ballenger, *supra*]. By electing to treat him as a debtor, the indebtedness although growing out of this trust relationship, became a money demand against his estate over which the probate court had jurisdiction. [Hoffmann v. Hoffmann's Exec., *supra*; Church v. Church, 73 Mo. 421; Todd v. Terry, 26 Mo. App. 598]. There is no place in this case for the application of any of the statutes of limitation. The judgment of the circuit court is affirmed. All concur.