# U. T. HUNGERFORD, Respondent, v. MORRIS D. GREENGARD et al., Defendants; HARRY J. JOEL, Appellant.

### St. Louis Court of Appeals, July 22, 1902.

1. **Fraudulent Intent: CREDITORS: EVIDENCE.** A trustee, in a deed to secure certain preferred creditors of an insolvent firm, took possession of its assets and proceeded to carry on the business as before, buying new material, manufacturing goods, filling orders and doing other acts in continuation of the old business. It appeared that he made statements to a creditor that he expected soon to realize sufficient to pay all creditors in full. These facts are held sufficient proof of fraudulent intent to sustain a judgment that the conveyance to the trustee was intended to hinder or delay creditors.

2. **Fraudulent Conveyances: EVIDENCE.** Facts in regard to prosecution of a business to protect insolvents and for their use would render a conveyance void under the statute of fraudulent conveyances, if expressed on the face of the instrument; it would likewise render it void if found to be in fact a part of the agreement of the parties interested in the transfer, although not expressed.

3. ————: **FRAUDULENT INTENT IS A QUESTION OF FACT.** Whether or not a conveyance is made with the intent to hinder or delay creditors is a question of fact on the facts above stated.

4. **Garnishment: TRUSTEE: CREDITORS.** Garnishment will reach funds in the hands of a trustee for creditors where the deed under which he claims was fraudulent as to other creditors not embraced within the terms of the instrument.

5. ————: **MOTION FOR NEW TRIAL: VERDICT.** Where the denial of the answer of a garnishee is amended by leave, after an appeal to the circuit court, the ruling is not a proper subject of review on appeal unless brought to the notice of the trial judge by some motion after verdict.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*D. P. Dyer* and *R. T. Stillwell* for appellant.

(1) The trial before the justice was upon the issue and the only issue that was presented by the denial of the garnishee's answer, to-wit, that the deed of trust was "void and ineffective to convey the said property and effects by reason of the illegal and fraudulent provisions of the said pretended deed of trust." (2) The trial in the circuit court, under the statute, must be a trial *de novo*. No other issue than the one tried in the lower court could be heard. (3) The circuit court erred in permitting the denial of the garnishee's answer to be amended. (4) The deed is perfectly valid in law, and had the effect to convey all of the property of Greengard & Ehrlich Manufacturing Company to Joel, trustee. (5) Garnishment would not lie against the trustee. If he were not administering the trust according to the terms of the deed, the remedy of the plaintiff was to have him removed. (6) It did not lie in the power of the trustee to bind the assignors or the beneficiaries in the trust by any verbal statement, whether as a witness or otherwise. There was not a particle of evidence before the court that the deed of trust was for the benefit of the makers, or that they ever assented to or knew of any statement made by the trustee contrary to the letter and spirit of the deed of trust. There was no evidence whatever before the court that would authorize a personal judgment against the trustee. The instruction, in the nature of a demurrer to the evidence asked by the trustee, should have been given.

*Joseph Wheless* for respondent.

(1) "Errors committed at the trial must be called to the attention of the trial court in the motion for a new trial or they will not be noticed in the appellate court." Holliday v. Mansker, 44 Mo. App.

465; Bartlett v. Beach, 128 Mo. 91; Hanks v. Railroad
Co., 60 Mo. 274.  (2)  There is no merit in point 5
that garnishment will not lie against the trustee. "Ap-
pellant contends that since the property was conveyed
in trust it can not be reached by the process of gar-
nishment.  No proposition of law is better settled than
that trust funds are not the subject of garnishment.
On the other hand, it is equally well settled that all
conveyances made in fraud of creditors, whether the
fraud is actual or only constructive (fraudulent in
law), are void as to creditors."  Coal Co. v. Kinealy,
81 Mo. App. 646; Morris v. Du Puy, 85 Mo. App. 651;
Stieglitz v. Mercantile Co., 76 Mo. App. 275; Epstein v.
Clothing Co., 67 Mo. App. 221.  (3)  If it appears on
the face of a chattel mortgage that the mortgagor is
to retain possession, and sell and dispose of the same
in the usual course of business for his own benefit, the
court will, as a matter of law, declare it void as against
the creditors.  "And the mortgage will be declared
void when the same impeaching facts are proven by
extrinsic evidence, if the mortgage is fair on its face.
Ziegler v. Maddox, 26 Mo. 575; Bullene v. Barrett, 87
Mo. 185; Martin-Perrin Merc. Co. v. Perkins, 63 Mo.
App. 310; Tennent-Stribling Shoe Co. v. Gallant, 53
Mo. App. 423; Petring v. Chrisler, 90 Mo. 649.  (4)
"If the trustee under the deed of trust, in pursuance
of an understanding of the mortgagor and beneficiary,
sells goods and continues to manufacture a line of
goods which had been proven unprofitable, and under-
takes to continue the business indefinitely, for the pur-
pose of paying off the beneficiary's claims and restor-
ing the business to the mortgagor, however free from
bad faith or actual fraud the arrangement may be, it
is fraudulent in law.  It is a familiar law in Missouri,
that facts which would render a conveyance void if
expressed on its face, will likewise render it void if
found by the court or jury *aliunde,* to have constituted
a part of the transaction."  Rubber Co. v. Supply Co.,

149 Mo. 538; Coal Co. v. Kinealy, 81 Mo. 646; Marble Co. v. Ragsdale, 74 Mo. App. 43.

BARCLAY, J.—This is a garnishment case based upon an attachment against Messrs. Greengard and Ehrlich, partners under the name of Greengard & Ehrlich Manufacturing Company. The attachment was brought before a justice of the peace. Mr. Joel, trustee (the appellant now), was summoned as garnishee.

The grounds of the attachment, to state them shortly, were the fraudulent transfer of property so as to hinder or delay, etc., and concealment and removal of assets, and other grounds unnecessary to mention.

Before the justice, there was a judgment sustaining the attachment and adjudging a recovery for plaintiff against defendants for $206.11.

The garnishee, Mr. Joel, answered the statutory interrogatories by denying all indebtedness to the principal defendants. He also denied that he had in his possession any of their property or effects.

The plaintiff denied the answer of the garnishee, and charged that the latter was trustee under a deed of trust, executed to him by Mr. Greengard, partner in the Greengard & Ehrlich Manufacturing Company, and that the trustee had in his possession the entire property and assets of attachment defendants. Plaintiff further charged "that the said deed of trust is void and ineffective in law to convey the said property and effects by reason of the illegal and fraudulent provisions of the said pretended deed of trust; and the plaintiff joins issue with the said garnishee upon the said answer."

There was a judgment for plaintiff against the garnishee before the justice of the peace, who found $500 to be in the hands of the garnishee. The latter took an appeal to the circuit court. In the latter court plaintiff asked leave to amend his denial of the gar-

nishee's answer, before the trial, by inserting the words, "and by reason of the illegal acts of the said trustee under said deed of trust." To this the garnishee objected, and, his objection being overruled by the court and the amendment allowed, the garnishee at the time excepted.

The cause came to trial before Judge ZACHRITZ, a jury having been waived.

Plaintiff gave evidence tending to show that shortly after the execution of the deed of trust of January 31, 1898, the trustee, in response to an inquiry in regard to a claim against the manufacturing company, said that he was in charge of the property under the deed of trust, was hopeful that he could pay in full not only the secured creditors but all the other creditors of the concern; that he was conducting the business right along, had it in pretty good shape and hoped to be able to pay everything before a great while.

The testimony for plaintiff further tended to show that the business of the old firm had been continued by the trustee, by buying new material, manufacturing goods, and filling orders until March 6, 1898, when the plant was destroyed by fire. The trustee had collected the insurance, amounting to about $14,000, and had it in his charge. He admitted that the value of the property conveyed was about $25,000, and the secured indebtedness about $14,000. He further admitted that but for the fire he would have continued to conduct the business as usual. The gist of his admissions lay in the concession that he was buying new material and manufacturing goods and filling orders. The garnishee had been the superintendent and manager of the old firm before the transfer of the property to him. It is to be inferred from the testimony that he simply went forward with the business formerly conducted by the firm. The circumstances of his appointment and his declarations while in possession of the property

justify the inference that his mode of executing the trust had the sanction of the parties interested and that he was merely executing the design which inspired the conveyance in trust to him.

No testimony was offered on behalf of the garnishee further than the production of the deed of trust under which he had possession, and the original answer of the garnishee and denial thereof by plaintiff. There was no denial of the testimony concerning the statements of the garnishee in possession of the property. We assume now, without inquiry, that the deed of trust was fair on its face, and not fraudulent on account of its ostensible and expressed provisions.

No declaration of law was given. One was refused as asked by the garnishee to the effect that, under the pleadings, the evidence and the law, plaintiff was not entitled to recover, and exception was saved to the refusal.

Thereupon the court found for plaintiff, and in due course entered judgment for him against the garnishee for $238.05. The garnishee then took this appeal.

1. It is the established law of Missouri that where property of the kind involved in this case is transferred to a trustee in trust to satisfy the claims of certain creditors, and the trustee, with the acquiescence of the secured creditors and the debtor, proceeds to prosecute the business of the debtor beyond the necessary steps to wind it up, the conveyance will be treated as fraudulent as to creditors not assenting thereto. In a recent case enforcing the above principle it is added: "It is familiar law in Missouri that facts which would render a conveyance void if expressed on its face, will likewise render it void if found by the court or jury *aliunde* to have constituted a part of the transaction." Rubber Mfg. Co. v. Supply Co., 149 Mo. 538.

In the case at bar, no testimony was offered on

behalf of the garnishee to defeat the inferences to be drawn from the plaintiff's testimony. The garnishee's evidence consisted simply of the deed of trust under which the plaintiff took possession, and the original pleadings which were supposed to indicate that plaintiff first relied solely on defects in the terms of the conveyance in trust. It is not necessary to analyze that instrument. Even conceding that it is entirely valid, the outside evidence undoubtedly tends to show that the trustee held the property upon a much broader understanding, one which falls under the ban of the Missouri law of fraudulent conveyances. It might be found reasonably from the testimony that the business was being carried on, materials replenished and new transactions made as before the transfer to the garnishee, and that such was the design of the transfer. The conclusion of the learned trial judge implies that he found the fraudulent intent which the statute denounces. R. S. 1899, secs. 3397, 3398. It was his function to pass upon that issue, and there seems no trace of error in his rulings on that subject. Zeigler v. Maddox, 26 Mo. 575; Weber v. Armstrong, 70 Mo. 217; Petring v. Dry Goods Co., 90 Mo. 649; Marble Co. v. Ragsdale, 74 Mo. App. (St. L.) 42.

2. The garnishee contends that he was not subject to the process of garnishment on the admitted facts. But if the conveyance to him was so tainted by a fraudulent purpose as to be void, there can be no doubt, in view of prior adjudications, that that contention is unsound. By virtue of the statute concerning such transactions, the trust failed, as against the plaintiff, an unconsenting creditor, and the latter might treat the proceeds of the property as funds of the debtors, available to satisfy the claim of a creditor diligent enough to improve the opportunity to secure the satisfaction afforded by the law. Rubber Co. v. Supply Co., 149 Mo. 538; Donk Bros. Co. v. Kinealy, 81 Mo. App. (St. L.) 646.

3.   Over the garnishee's objection and exception, plaintiff's denial of the answer of the garnishee was amended in the circuit court, as already described, after the appeal from the justice of the peace.   Error is assigned on that ruling.   It is not, however, open to review.   Such an error must be brought to the notice of the trial judge by some motion after verdict, or it is to be deemed ingulfed in that oblivion which heals the wounds of all unnoted errors.   Schaeffer v. Green, 68 Mo. App. (St. L.) 168.

We have reviewed all the assignments of error, so far as they are subject to our review, and finding none well taken we affirm the judgment.   *Bland, P. J.,* and *Goode, J.,* concur.