L. H. McDANIEL, Respondent, v. L. E. BRYAN, De-fendant; GEORGE R. GODFREY, Garnishee, Ap-pellant.

**Kansas City Court of Appeals, March 4, 1907.**

1. **FRAUDULENT CONVEYANCES:** Garnishment. A fraudulent transfer of a debtor's property with the purpose of defrauding creditors may be attacked in a garnishment proceeding.

2. **TRIAL PRACTICE:** Technicality: Merits: Discretion of Court: New Trial. A mere technicality will frequently compel a decision without reference to the merits; however, the trial court upon seeing an injustice has resulted, has authority to remedy such injustice by granting a new trial.

Appeal from Vernon Circuit Court.—*Hon. C. G. Burton,* Special Judge.

AFFIRMED.

*Homer M. Poage* and *J. Allen Prewitt* for appellant.

(1) The denial of the garnishee's answer must contain specifically the grounds upon which a recovery is sought against the garnishee. R. S. 1899, sec. 3451. (2) When a pleading is amended by the filing of a new pleading, the amended pleading supersedes the former one, and the party thereby abandons the original pleading and the matters therein alleged. Ticknor v. Voorhies, 46 Mo. 110; Rand v. Grubbs, 26 Mo. App. 595. (3) The amended denial contains no allegation of fraudu-

lent conveyance of the real estate therein described, nor was any evidence introduced or offered at the trial which tended in the remotest degree to show fraudulent convey- ance of said real estate. Where fraud is charged the facts constituting the fraud must be alleged and proved. 9 Am. & Eng. Enc. Pl. and Pr., p. 684; Bliss on Code Pleading (2 Ed.), sec. 211; Bank v. Rohrer, 138 Mo. 369.

*A. J. King* for respondent.

(1) There being nothing in the bill of exceptions showing either the motion to strike out respondents denial or the court's action thereon, the further action of the court in reference thereto, embodied in its order setting aside the nonsuit, is presumed to be correct. Smith v. Kansas City, 128 Mo. 27; Bolton v. Railway, 172 Mo. 102. (2) If the money in the hands of the gar- nishee, was the proceeds of the sale of a tract of land, which Bryan, the execution defendant, had fraudulently conveyed to his wife, then such money was properly the subject of garnishment, and the court committed error, in excluding the testimony, by which respondent offer- ed to show such fraudulent conveyance. Organ Co. v. Pettitt, 34 Mo. App. 539; Epstein v. Clothing Co., 67 Mo. App. 221; Dunlap v. Mitchell, 80 Mo. App. 393; Hurley v. Taylor, 78 Mo. 238; Landes v. Ziehr, 150 Mo. 403; Hungerford v. Greengard, 95 Mo. App. 653. (3) Respondent alleged and sought to show that the conveyance of the land by Bryan, the execution defendant, to his wife, Maggie Bryan, was made for the express purpose of hindering, delaying and defraud- ing respondent. R. S. 1899, section 3398; Hurley v. Taylor, 78 Mo. 238; Lander v. Ziehr, 150 Mo. 403; Hoff- man v. Nolte, 127 Mo. 120; Dunlap v. Mitchell, 80 Mo. App. 393; Organ Co. v. Pettitt, 34 Mo. App. 539. (4) If the trial court's action in setting aside the nonsuit can be sustained on any ground assigned in the motion

therefor, then such action should be affirmed, and the court is not confined to the assignment or errors set forth in the motion but may in the furtherance of justice grant a new trial or set aside a nonsuit. Emmons v. Quade, 176 Mo. 28; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Smith v. Sedalia, 152 Mo. 283; Gray v. Railway, 54 Mo. App. 666; Roman v. Trading Co., 87 Mo. App. 190; Fidelity & Deposit Co. v. Colvin & Jackson, 83 Mo. App. 205; Scott v. Smith, 133 Mo. 619.

ELLISON, J.—Plaintiff obtained a judgment against L. E. Bryan. In process thereunder the garnishee herein was summoned to answer interrogatories. He filed an answer stating that he did not owe Bryan and that he did not have any money or property in his hands which belonged to him. Plaintiff thereupon filed a denial to the answer in which he alleged that the garnishee had money in his hands as the proceeds of the sale of real estate belonging to Bryan, but which had been conveyed to the latter's wife in order to defraud creditors. The garnishee, taking the position that such allegation could not be inquired into in a garnishee proceeding, moved to strike out, substantially all of the denial. The trial court, adopted such view and sustained the motion, though it does not appear that the order therefor was entered of record. The plaintiff then filed an amended denial omitting matter of transfer from Bryan to his wife.

On the trial the court held that the matter of fraudulent transfer to defendant's wife could not be inquired into in a garnishment proceedings, and sustained a demurrer to the evidence. Plaintiff took a nonsuit. He afterwards, in due time, moved to set aside the nonsuit and the court, on further consideration, having become convinced that the first rulings were erroneous, sustained the motion, stating at the time, that error was

committed against the plaintiff in striking out his original denial of the answer (though the record proper omits to show the order), and in sustaining a demurrer to the evidence, and in excluding certain evidence. The court also set aside the order striking out plaintiff's original denial. From this order setting aside the nonsuit, the garnishee has appealed.

It is the law that a fraudulent transfer of the debtor's property with a purpose of defrauding creditors may be attacked in garnishment proceedings. [Holmes Organ Co. v. Pettitt, 34 Mo. App. 536, l. c. 539; Epstein v. Clothing Co., 67 Mo. App. 221; Dunlap v. Mitchell, 80 Mo. App. 393; Hurley v. Taylor, 78 Mo. 238; Lander v. Ziehr, 150 Mo. 403; Hungerford v. Greengard, 95 Mo. App. 653.] It is therefore clear that the trial court's conclusion in setting aside the nonsuit forced upon the plaintiff was correct.

The garnishee makes several points against the court's order in sustaining the motion to set aside the nonsuit. They are all of a technical nature. While a mere technicality will frequently compel a decision without reference to merits, we think it not so in this case. The trial court has large discretion in granting new trials. The court saw that in an adverse and erroneous ruling on plaintiff's case an injustice has resulted and it had the authority to remedy the injustice by granting a new trial.

We have gone carefully over each of garnishee's points, but believe they are not well taken. The order is affirmed. All concur.