J. A. POTTER, Respondent, v. (E. G. WHITTEN, Defendant) THE CONQUEROR TRUST COMPANY, GARNISHEE, Appellant.

Springfield Court of Appeals, March 3, 1913.

1. GARNISHMENT: A Legal Proceeding: Funds not Subject to. Garnishment proceedings are strictly legal statutory proceedings. It is not permissible to garnish a fund which is subject to indefinite contingencies, trust agreements and relations, or that has to be arrived at in an equitable proceeding to determine the amount that would be coming to the judgment debtor.

2. ———: Garnishee's Liability: No Greater to Judgment Creditor Than to Judgment Debtor: Fraud an Exception. *Fraud* forms an exception to the general rule that the judgment creditor can have no greater rights against the garnishee than did the judgment debtor. Where it is sought to hold the debtor of a fraudulent grantee for the debt of a fraudulent grantor, garnishment is a proper remedy.

3. ———: Fraudulent Transfer: Transferee Answerable in Garnishment. A judgment creditor may pursue a debtor's funds into the hands of a third party, who is a bailee, transferee or assignee, and try the question of a fraudulent transfer by garnishment proceedings.

4. ———: ———: Following Funds into Third Party's Hands. Garnishment is the proper proceeding to try the question of a fraudulent transfer of funds derived from a sale after a judgment and insolvency from husband to wife against a bank in which the funds are placed to her own credit. And this regardless of any knowledge of fraud on the part of the bank.

5. ————: When New Parties May be Brought in. Section 2339, R. S. 1909, contemplates bringing a new party into the garnishment only when some change, as an assignment or sale, has taken place with reference to the ownership of the thing garnished, subsequent to the time it was placed in the garnishee's hands. It does not comprehend the joinder of a depositor of alleged fraudulently transferred funds in a garnishee bank.

6. APPEAL: Evidence: Harmless Error in Admitting. While certain declarations ·may have been improperly admitted in the trial, their admission was harmless error, such statements not being of such prejudicial character as to warrant a reversal of the judgment because of their admission.

7. GARNISHMENT: Notice to Garnishee of Ownership: Comprehends What. A garnishee bank is bound by every fact which an inquiry on its part would have revealed, after sufficient notice by a judgment creditor, delivered to the bank in connection with the writ of garnishment, to the effect that certain funds deposited in the bank had been fraudulently transferred to the depositor and that they were in reality the property of another.

8. ————: Answer of Garnishee: Must Deal with Conditions at Date of Service. The question of the liability of the garnishee must be determined from the facts as they are ·found to exist at the date of the service of the writ of garnishment; and the trial court committed no error in striking out of the garnishee's answer the allegation that the money in question had been paid out to the wife five days after the service of the writ of garnishment and notice.

9. ————: Fraudulent Transfer of Funds: Sufficient Notice of: Deposit in Bank. Notice was served on a bank at the time of a garnishment, calling garnishee bank's attention to a certain fund placed therein on deposit, giving depositor's name, and stating that it was placed in the custody of the bank in an attempt to conceal same and prevent garnishment and setting out source of depositor's possession of money, with allegation that it was placed with garnishee bank to defraud creditors. *Held*, sufficient notice to bind garnishee bank.

10. ————: Pleadings: Answer and Reply: Issues. The issues in garnishment proceedings are made up by the denial of the answer of the garnishee and the reply thereto. The denial should state the grounds on which a recovery is claimed and the reply to the denial makes the issue.

11. ————: Third Persons Made Parties: Claim of Ownership. Two sections of the statute on garnishment provide for third parties, who may claim the property being made parties to the garnishment.

(a). **Voluntary Appearance: Interplea.** Section 2421, R. S. 1909, permits a person claiming property attached in the hands of a garnishee to interplead. · Such interplea can only be interposed where the garnishment is based upon an attachment and not upon a general execution.

(b). **Involuntary Appearance.** Section 2439, R. S. 1909, provides for bringing in a third party who claims the property under garnishment, whether based on an attachment or an execution.

12. ——: **Innocent Custodian of Fund: May Protect Himelf, How.** The innocent holder of a· fund, in whose name the suit must necessarily be defended, may relieve himself of responsibility by giving notice to the real party in interest who claims the fund and inviting him to defend his own property in the litigation in the name of the temporary custodian.

13. ——: **Service: Payment of Fund by Garnishee Subsequent to: Liability.** After service of garnishment upon a bank and notice by a judgment creditor that the fund deposited by a wife had been fraudulently transferred to her by the husband to defeat the claim of the judgment creditor, the bank paid the money to the wife. *Held,* that the bank would be liable to the judgment creditor in the garnishment proceedings, upon determination in trial that the fund in question was the property of the husband.

14. ——: **Garnishee's Position Must be Neutral.** It is the duty of the garnishee to stand neutral in the. litigation over the funds in its hands, to disclose all the information it has concerning the fund to the court and to hold the fund in readiness to abide by the decision of the court.

Appeal from Jasper Circuit Court. Division Number Two.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Fred W. Kelsey* and *Fred L. Williams* for appellant.

(1) Garnishee's motion to make the depositor a party to the action should have been sustained. Sec. 2439, R. S. 1909. (2) Even if it should be held the court acted properly in refusing to have the depositor brought in under provision of the foregoing statute, the court should have under its general powers, or-

dered the depositor to be made a party upon the garni-shee's application which was erroneously stricken out by the court. Sec. 1849, R. S. 1909; Judy v. Bank, 70 Mo. 407; 20 Cyc. 1101; 14 Am. & Eng. Ency. Law 909. (3) Garnishment is a purely legal statutory remedy and the statute does not provide for the trial of the issues set up in the denial. 20 Cyc. 979; 14 Am. & Eng. Ency. Law 739 and 757; R. S. 1909, sec. 2413; Sheedy v. Bank, 62 Mo. 17; Lackland v. Gar-esche, 56 Mo. 270; Stevenson v. McFarland, 162 Mo. 168; Folkens v. Life Ins. Co., 98 Mo. App. 479. (4) On the whole statement of the denial, the bank was not chargeable as garnishee. 2 Shinn on Attachment and Garnishment, p. 509; Himsted v. Bank, 46 Ark. 537; Stevenson v. McFarland, 162 Mo. 168; Foley v. Hill, 2 Clark & Finnelly, 28; Bank v. Bank, 2 Wallace, 252; Bank v. Risley, 111 U. S. 125. (5) Instruction No. 3 in effect tells the jury that if defendant while insolvent paid a debt due his wife, that such a trans-action was fraudulent as to creditors. This is not the law. Hart v. Seete, 104 Mo. 315; Mayfield Woolen Mills v. Wilson, 87 Mo. App. 145. (6) The bank upon its refusal to honor its depositor's check was un-der a double liability to her if the fund turned out to be hers; i. e. (1) for the amount of the deposit with interest from date of demand and refusal—liability *ex contractu* (2) substantial damages for wrongful re-fusal to pay her checks on presentation—liability *ex delicto*. Bank v. Lotham, 116 Mo. 197; Bank v. Morey, 69 S. W. 759, 80 S. W. 157; Siminoff v. Bank, 121 Mo. 939; Bank v. Ober, 178 Fed. 678; Spearing v. Bank, 56 So. 548; Shaffner v. Ehrman, 28 N. E. 917, 15 L. R. A. 134; and note 32 Am. St. Rep. 192; Svendesen v. Bank, 65 N. W. 1086. (7) While a creditor or the real owner can in an appropriate equity proceeding dispute the title of a depositor, the bank cannot do so even in a creditor's proceeding and if the creditor fails in his dispute of the same the bank is thrown back

into its position of double liability to its depositor without any defense to its depositor's action; liability *ex contractu* and *ex delicto*. Whitsett v. Bank, 138 Mo. App. 90; Gibson v. Bank, 98 N. Y. 87, 97; Paterson v. Bank, 17 Am. St. Rep. 778. (8) There was no evidence that the transaction between Vera E. Whitten and her husband was "colorable," and merely designed to screen her husband's means from his just debt. Therefore, there was no evidence on which to base instruction numbered two. Shelley v. Booth, 73 Mo. 77; Sexton v. Anderson, 95 Mo. 379; Gruner v. Scholz, 154 Mo. 422; Johnson v. Lucas, 48 S. E. 497. (9) Where the choice is between a presumption of honesty or dishonesty, honesty will prevail. Webb v. Darby, 94 Mo. 629; Chapman v. McIlworth, 77 Mo. 38; Ridge v. Greenwell, 53 Mo. App. 687; Waddingham v. Waddingham, 21 Mo. App. 609. (10) The relationship of husband and wife is not a badge of fraud. Ridge v. Greenwell, 53 Mo. App. 687; Spring & Axle Co. v. Winans, 64 N. W. 24; Kincaid v. Ervine, 140 Mo. 623; Nelson & Co. v. Leiter, 60 N. E. 853; Conry v. Benedict, 75 Am. St. Rep. 284; Jones v. Hogan, 135 Mo. App. 347; Gruner v. Sholz, 154 Mo. 422. (11) Instruction numbered three singles out the relationship of husband and wife, is a comment on the evidence and reversible error. Weil v. Schwartz, 21 Mo. App. 375; Gage v. Mears, 107 Mo. App. 147; Forrester v. Moore, 77 Mo. App. 657; Capp v. Hardy, 32 Mo. App. 592.

*H. S. Miller* for respondent.

(1) The garnishee having elected to answer that it had "nothing" cannot now be heard to say that it has something and that Vera E. Whitten ought to be brought into court to assert her rights. What could Vera E. Whitten say or plead if brought into this case? No fund is admitted. There is no *"res"* over which

to litigate according to the theory of garnishee. Sec. 2439, R. S. 1909, referred to by garnishee, overrules appellant's position. It assumes that there must be a fund admitted in garnishee's answer over which to litigate. (2) A fraudulent transfer of a debtor's property with a purpose of defrauding creditors may be attacked in garnishment proceedings. It is therefore clear that the trial court's conclusion in setting aside the nonsuit forced upon the plaintiff was correct. Organ Co. v. Pettit, 34 Mo. App. 536; Epstein v. Clothing Co., 67 Mo. App. 221; Dunlap v. Mitchell, 80 Mo. App. 393; Hurley v. Taylor, 78 Mo. 238; Lauder v. Ziehr, 150 Mo. 403; Hungerford v. Greengard, 95 Mo. App. 653; 20 Cyc. 1017; McDaniel v. Bryan, 123 Mo. App. 640. (3) Transfers or assignments of property or evidences of debt which are fraudulent as to the creditors of the assignor are treated as void both at law and in equity, and an assignee having knowledge of such fraud may be charged in garnishment or trustee proceedings by reason of property held under a fraudulent transfer or assignment, and where he has disposed of the property he may be held as garnishee of the proceeds thereof. Fearey v. Cummings, 1 N. W. 946; Dunning v. Bailey, 95 N. W. 248; Johnson v. Hersey, 35 Am. Rep. 303; Stewart v. McMinn, 39 Am. Dec. 115; Lee v. Tabor, 8 Mo. 322. (4) Declarations of a person beneficially interested in the result of litigation are admissible against the nominal party representing his interest, unless it is impossible to admit them without prejudicing the interests of nondeclarants. A person who will be called upon to pay the judgment in case of an adverse issue, or who will receive the whole or a portion of the proceeds in case of a sucessful one, is a real party in interest. 16 Cyc. 984; Babb v. Ellis, 76 Mo. 459; Bank v. Ross, 9 Mo. App. 399; Bagley v. Bryant, 24 Pick. (Mass.) 198; Keirchner v. Reilly, 72 N. C.

171; Hamblet v. Hamblet, 6 N. H. 333; Fiedler v. Bambrick, 135 Mo. App. 301, 305. (5) A purely voluntary conveyance by a debtor to his wife, as to a prior existing creditor, is presumptively fraudulent in law. Snyder v. Free, 114 Mo. 360; Hoffman v. Nollte, 127 Mo. 135; Scharff v. McGaugh, 205 Mo. 364; Jordon v. Buschmeyer, 97 Mo. 94; Sloan v. Tarry, 78 Mo. 623; Weil v. Simmons, 66 Mo. 617; Seitz v. Mitchell, 94 U. S. 580; Bump on Fraudulent Conveyances (3 Ed.), pp. 267, 277. See also Orchard v. Collier, 171 Mo. 390; Gruner v. Scholz, 154 Mo. 415; Crook v. Tull, 111 Mo. 283. (6) One who has notice of such facts as put him upon inquiry is bound by every fact which an inquiry would have disclosed. Eyerman v. Bank, 84 Mo. 408; Johnson-Brinkman Com. Co. v. Bank, 116 Mo. 558; Nanson v. Jacob, 93 Mo. 331; Bank v. Bache, 71 Pa. St. 213; Drumm-Flato Com. Co. v. Bank, 92 Mo. App. 326.

STATEMENT.—On May 19, 1910, J. A. Potter recovered a judgment against E. G. Whitten in the circuit court of Jasper county for the sum of $1724.45 together with costs.

On March 23, 1910, Vera E. Whitten, wife of E. G. Whitten, quitclaimed all of her interest in the Whitten-Chesley Mines Company, a corporation, to the corporation.

On June 22, 1910, certain property of E. G. Whitten was sold by the sheriff under execution upon plaintiff's judgment, and there was credited upon said judgment from the proceeds of said sale the sum of $115.72.

On June 4, 1910, E. G. Whitten entered into a contract with Frank Chesley whereby he agreed to sell and deliver to said Chesley all the stock and interest he had in the Whitten-Chesley Mines Company, and in consideration of such transfer and other trans-

fers not necessary to be brought into the opinion in this case, the said Frank Chesley agreed to deliver to Vera E. Whitten, wife of E. G. Whitten, the sum of $1800, for herself, and to take care of some debts, and to deliver to Vera E. Whitten certain other funds not necessary to be detailed here for other parties, and further agreed to pay all bills of the Whitten and Chesley partnership which existed prior to the incorporation of the Whitten-Chesley Mines Company, and to relieve E. G. Whitten and Vera E. Whitten of the payment of such debts.

On June 15, 1910, a writ of garnishment was served on the Conqueror Trust Company based on J. A. Potter's judgment against E. G. Whitten, and at the same time there was served on said trust company the following notice:

"TO THE CONQUEROR TRUST COMPANY:

"You are hereby notified that the money which the above-named plaintiff, J. A. Potter, has reason to believe is now on deposit with you, or in your care and custody, in the name of Vera E. Whitten, or Mrs. E. G. Whitten, or subject to the check of said Vera E. Whitten, or Mrs. E. G. Whitten, is the money and property of E. G. Whitten, the husband of said Vera E. Whitten; that said money has been placed on deposit with you or in your care, custody and control, with the view to attempt to conceal the same and to prevent the creditors of said E. G. Whitten from garnisheeing and levying on the same, particularly the above-named plaintiff, J. A. Potter, who has a judgment against said E. G. Whitten for more than sixteen hundred dollars, of record in the circuit court of Jasper county, Missouri, at Joplin; that the money above referred to is the product of and was obtained from the sale of property of said E. G. Whitten, and that the same is the money and property of said E. G.

Whitten, and that the same has been so placed with you to defraud his creditors, among others the above-named plaintiff, J. A. Potter.'' (Signed and sworn to by J. A. Potter.)

At the October term, 1910, the usual interrogatories were filed by J. A. Potter to be answered by the Conqueror Trust Company concerning its possession, control or custody of any goods, money, chattels, claims or effect or any indebtedness whatever to the said E. G. Whitten. The Conqueror Trust Company answered said interrogatories denying its possession, control or custody, of any goods, money, chattels, claims or effects or any indebtedness whatever to said E. G. Whitten.

The allegations contained in the garnishee's answer were denied by J. A. Potter, alleging that E. G. Whitten sold to Frank Chesley on June 4, 1910, among other things, stock in the corporation and that he received as payment, among other things, a check for $1800 which was made payable to Vera E. Whitten, wife of E. G. Whitten, and that said money was deposited with the Conqueror Trust Company, and that said money was the property of E. G. Whitten and was placed in the name of Vera E. Whitten for the purpose of attempting to hinder, delay and defraud the creditors of E. G. Whitten out of their just rights, and particularly this plaintiff, and praying for judgment against the garnishee for the money so deposited.

To this denial the Conqueror Trust Company demurred stating as reasons that said reply does not state facts sufficient to constitute a cause of action against the garnishee and that the matters and things therein set out seek to raise issues in equity which cannot be raised in garnishment proceedings.

On February 9, 1911, this demurrer was overruled, and the garnishee on February 10, 1911, filed an amended answer to the interrogatories in which it makes the same denials made in the former answer

and sets up the further answer that the garnishment, not having been issued until June 15, 1910, and prior to the sale of the stock for $115.72 at execution sale, the same was issued prematurely.

On the same day, February 10, 1911, the garnishee filed the following motion (formal parts omitted):

"Comes now the Conqueror Trust Company, garnishee, and moves the court to make an order upon the said Vera E. Whitten, the supposed assignee, to appear at a designated time and sustain her claim to the bank deposit in controversy as provided by section 2439 of the Revised Statutes of Missouri, 1909."

On February 16, 1912, the court denied this motion.

On February 13, 1911, J. A. Potter denied the allegations of the amended answer, and alleged that the money placed in the bank by Vera E. Whitten and under the bank's control was not the money of Vera E. Whitten but was the money of E. G. Whitten, and that it was placed in Vera E. Whitten's name for the purpose of attempting to hinder, delay and defraud the creditors of E. G. Whitten, and particularly this plaintiff.

On the same day a demurrer was filed to the denial of the plaintiff by the garnishee, alleging that it appears on the face of the denial (1) that the court has no jurisdiction of the person of the garnishee or the subject of the action; (2) that there is a defect of parties defendant, that is to say that said denial shows upon its face that Vera E. Whitten is a necessary party to a complete determination of the issues herein; and (3) that the denial does not state facts sufficient to constitute a cause of action against the garnishee.

A change of venue was then taken, and on June 20, 1912, the garnishee filed an amended reply in which it again denied having any money belonging to E. G. Whitten, but alleged that on June the sixth

and June the seventh, 1910, Vera E. Whitten, wife of the defendant, deposited with the garnishee in her own name sums amounting to $1750 (what follows was, on motion of the plaintiff, stricken out) and that she continued to check against said account in her own name which checks were honored until June 20, 1910, when the said funds were fully checked out and the said account closed; that immediately upon the service of the writ of garnishment, E. G. Whitten and Vera E. Whitten made affidavits to the effect that the money deposited in the name of Vera E. Whitten was her sole and separate property and did not belong to E. G. Whitten; that the garnishee had no further information or knowledge of the ownership of said funds, and that acting on the advice of counsel her checks were paid, and that she had no money to her credit. Further, that at the time said money was deposited by said Vera E. Whitten the garnishee had no knowledge of any transaction fraudulent in its character, and that the notice served on June 15, 1910, set up no fact to show fraud nor any fact which the garnishee could rely upon for such conclusion of fraud.

On June 20, 1912, the garnishee filed a motion asking that Vera E. Whitten be made an intervening party, stating as a reason that she was a necessary and indispensable party to the cause for the complete and final determination of the same. The plaintiff on the same day asked that this motion be stricken from the files, first, because a similar motion had already been made in the same suit which had been overruled, and second, because it was trifling with justice, which application was sustained, and the motion to have Vera E. Whitten made a party was stricken out.

The jury found the issues for the plaintiff and against the garnishee and judgment was rendered for the sum of $1578.77. After unsuccessful motions for new trial and in arrest of judgment the garnishee appealed to this court.

The evidence showed that some time prior to the organization of the Whitten-Chesley Mines Company, a corporation, Vera E. Whitten received about $7000 from the sale of some stock, in no way connected with this transaction. Vera E. Whitten claimed that the $1800 she received from Chesley was in payment of a loan she had made to the Whitten and Chesley partnership. There is evidence that E. G. Whitten was insolvent on June 4, 1910, the date on which he sold his stock to Chesley and ordered the money paid to his wife.

The appellant contends that the trial court erred in the following particulars:

(1) The issue raised by the plaintiff's denial is of such a nature that it cannot be tried in a garnishment proceeding, and the court should have sustained the garnishee's demurrer to the evidence.

(2) The court erred in overruling the garnishee's motion to make Vera E. Whitten a party to this suit as provided by section 2439, R. S. 1909.

(3) The court erred in admitting incompetent and rejecting competent evidence.

(4) The court erred in the giving and refusal of instructions.

(5) The court erred in striking out that portion of the garnishee's answer showing that the money was checked out in full by June 20, 1910, and as to the affidavits made by the Whittens concerning the ownership of the fund as well as the allegation that the notice served on the garnishee on June 15, 1910, did not state facts from which it could conclude that the transaction was fraudulent.

(6) The court erred in striking out the garnishee's motion to make Vera E. Whitten intervene and appear in said cause in order that the cause could be fully and completely determined.

## OPINION.

FARRINGTON, J. (after stating the facts).—
Appellant contends that there was such question raised
by the reply of the plaintiff as could not be brought
into and tried in a garnishment proceeding. It is true
that garnishment proceedings in this State are purely
and strictly legal proceedings, and it is not permissi-
ble to garnish a fund which is subject to indefinite con-
tingencies, trust agreements and relations, or that has
to be arrived at in an equitable proceeding to deter-
mine the amount that would be coming to the judg-
ment debtor. Again, as a general proposition it may
be said that the judgment creditor can have no great-
er rights against the garnishee than did the judg-
ment debtor. This, however, is subject to the excep-
tion of fraud, and it has been so held in this State.
[McDaniel v. Bryan, 123 Mo. App. 640, 643, 100 S. W.
1103; Holmes Organ Co. v. Pettitt, 34 Mo. App. 536,
539; Epstein v. Hammerslough Clothing Co., 67 Mo.
App. 221; Gregg v. Bank, 80 Mo. 251; Eyerman v.
Krieckhaus, 7 Mo. App. 455; Lee v. Tabor, 8 Mo. 322;
Humphreys v. Milling Co., 98 Mo. 542, 10 S. W. 140;
Holker v. Howendobler, 143 Mo. 80, 44 S. W. 794; Well
& Wiggins Gro. Co. v. Clark's Executrix, 79 Mo. App.
401; Hungerford v. Greengard, 95 Mo. App. 653, 69
S. W. 602; Donk Bros. Coal and Coke Co. v. Kinealy,
81 Mo. App. 646; Doggett v. Insurance Co., 19 Mo. 201;
Dunlap v. Mitchell, 80 Mo. App. 393.] In McDaniel
v. Bryan, supra, it is held that garnishment is the
proper remedy where the debtor of a fraudulent gran-
tee is summoned as garnishee to pay the debt of the
fraudulent grantor. The law seems to be well settled
in this State that a judgment creditor may pursue the
funds in the hands of a third person who is a bailee or
transferee or assignee to try the question of a fraudu-
lent transfer in a garnishment proceeding; and all
the cases we have examined arising in Missouri, ex-

cept the case of McDaniel v. Bryan, supra, are cases where the relation of debtor and creditor did not exist, the relation of bailee, assignee, custodian, etc., being the relation that existed in those cases. However, in the McDaniel case the money was garnished in the hands of Godfrey and was due from Godfrey as the proceeds of a sale of certain land which the judgment debtor had fraudulently conveyed to his wife, so that the relation of debtor and creditor seems to have existed, and the court held that the question could be tried in a garnishment proceeding. It is true, the case of Himstedt v. German Bank, 46 Ark. 537, holds that unless the bank had knowledge or notice at the time of taking the deposit that it was fraudulent, it cannot be summoned in a garnishment proceeding after it has in good faith established the relation of debtor and creditor. We also find a case decided in Pennsylvania, Bingham v. Lamping, 26 Pa. St. 340, 67 Am. Dec. 418, which indicates that a carrier of goods after having made the contract of carriage in good faith and without notice cannot be summoned as a garnishee on a judgment against the consignor.

An examination of our statute (Sec. 2413, R. S. 1909) discloses that the field for garnishment is a wide one where a party has money or property in his hands belonging to a judgment debtor, or is the debtor of a judgment debtor. There is no question in the present case but that attachment would lie for the shares of stock in the Whitten-Chesley Mines Company had they been turned over to the wife (instead of the money derived from the sale of said stock) and had she placed them in the custody of the garnishee; nor is there any question but that a levy could have been made on the bank in this case had it been merely the custodian of some property which had been fraudulently turned over to the wife; and we can see no difference so far as this case is concerned between a debtor who makes a contract to pay certain money

and a bailee who makes a contract to return certain property. The contractual relation so far as the debtor or bailee is concerned is the same, one agreeing to pay money or to pay a debt, and the other to return specific articles. The courts have held that property in the hands of a bailee or a fraudulent transferee is subject to garnishment, and as section 2413, R. S. 1909, is as wide in its scope in relation to debtors as to other custodians or holders of property, garnishment should be a remedy in the one relation as in the other. Besides, acting on the theory on which this case was tried, namely, that the transfer was fraudulent, if it was, then there are no equities or contingencies to be worked out; if it is fraudulent, it is void, and the sole question tried was whether this money belonged to the judgment debtor; if the transfer to the wife was fraudulent, it did; if not fraudulent, the garnishee owed the judgment debtor nothing. The jury passed upon this question under the instructions and found that the transfer was fraudulent and that the money was therefore the property of the husband.

Appellant contends that because it did not know of the fraudulent character of this money when its relation of debtor and creditor with Vera E. Whitten arose, it is not subject to garnishment. However, as stated in Freeman on Executions (2 Ed.), section 159, "It is not the taking of a fraudulent transfer, but the reception of property, which makes the garnishee answerable. Hence he may exonerate himself by showing that the property of which he received a fraudulent mortgage or bill of sale never came into his possession, or having come into his possession, was returned to the defendant before the garnishment was served, or being an animal, has died, and is therefore not subject to execution."

A case closely in point is that of Kesler v. St. John, 22 Iowa, 565. Some corn was purchased of J,

but the purchaser was afterwards told that it belonged to J's son to whom a note was given for part of the purchase price, and the purchaser being garnished under an execution against J nevertheless paid the note to J's son. It was held that the purchaser was answerable on garnishment on proof being made that the note was taken in the name of J's son to defraud the creditors of J.

In Waples on Attachment and Garnishment, at page 200, it is said: "A deposit to the credit of a second person to whom the bank acknowledges an indebtedness by a certificate may be subjected to a garnishment in the hands of the bank." And in Drake on Attachment (7 Ed.), section 458: "A fundamental doctrine of garnishment is, that the plaintiff does not acquire any greater rights against the garnishee than the defendant himself possesses. When, therefore, the attachment plaintiff seeks to avail himself of the rights of the defendant against the garnishee, his recourse against the latter is limited by the extent of the garnishee's liability to the defendant. This principle is subject, however, to an exception, where the garnishee is in possession of effects of the defendant under a fraudulent transfer from the latter. There, though the defendant would have no claim against the garnishee, yet a creditor of the defendant can subject the effects in the garnishee's hands to his attachment."

Our conclusion is that appellant's contention on this phase of the case is not well founded.

The second assignment of error that Vera E. Whitten should have been made a party under section 2439, R. S. 1909, is not well taken for the reason that that section contemplates bringing in a new party where some act such as assignment or sale or change has taken place with reference to the ownership of the thing garnished subsequent to the time it was placed

in the garnishee's hands. This case presents no such condition.

Appellant complains of the action of the trial court in permitting the plaintiff to testify concerning certain declarations said to have been made by Vera E. Whitten at the taking of her deposition prior to the trial. This testimony was put in merely to trace the $1800 to the garnishee and to show the source from which it came. While the declarations may have been inadmissible, they were not of such a prejudicial character as to warrant a reversal of the judgment because of their admission. What they tended to prove was uncontroverted by the garnishee. Indeed, the same facts were elicited by the garnishee from the declarant who was called as a witness by the garnishee.

Further objection is made that the court improperly excluded the testimony offered by the garnishee showing the extent of its investigation after the notice was served upon it on June 15, 1910. Assuming, for the present, that the notice was sufficient, the garnishee was bound by every fact which an inquiry would have disclosed. [Eyerman v. Bank, 80 Mo. 408.] The question was fairly put in the instructions as to whether the transfer was fraudulent and whether the garnishee had reasonable notice of such purpose and intent and the finding of the jury is conclusive on the garnishee on this question. If A, while negotiating the purchase of a farm from B, is notified by C that he holds a mortgage on it and that B cannot sell the farm free and clear of incumbrance, although A then takes any number of affidavits and concludes in his own mind that C is mistaken as to his mortgage on this farm, this would not bar C from a recovery if the farm were in fact the one on which he held a mortgage, and to defeat C it would not be competent for A to show the extent of his inquiry; it would be sufficient for C to recover to show that he gave A the notice.

It is argued by appellant that there was no evidence on which the instructions could have been given to show a fraudulent transfer, and in support of this position is cited the recent case of Crump v. Walkup, 246 Mo. 266, 151 S. W. 709, 712, showing that the presumption existing at common law that a transfer by a husband to his wife was voluntary no longer prevails since the statutes relating to married women have been enacted. If it were only on this presumption that the respondent must rely, the point would be well taken. However, we have a case here where the judgment debtor was insolvent—at least there was evidence sufficient to put it to the jury to determine whether he was insolvent—and who entered into a contract for the sale of certain property which undoubtedly was his property and which is unquestioned in the record. When this contract is examined it shows that the judgment debtor is selling his stock in the corporation and directing that payment therefor be made to his wife. No presumption of law can be drawn but a question of fact arises, ''Why was the money turned over to the wife?'' and the garnishee correctly assumed that in order for her to establish her right to this money it was necessary for her to show that the money belonged to her and was in payment of a debt which the corporation and her husband owed her. The contract itself, made by an insolvent husband, at least raises a question of fact for explanation concerning a transfer of $1800 where there is no consideration shown in the contract, and it would make no difference whether the recipient of this money was the wife of the husband or some third party. When a person, especially when insolvent, sells practically all his property and directs that the purchaser pay to a third party, such a course is out of the ordinary as ordinarily the seller receives the consideration, and when this unusual state of facts is shown it would certainly lead to an inquiry as to why

it was done out of the ordinary course of business. The garnishee, realizing that it did raise a question, assumed the burden of proving that the consideration which passed from the husband to the wife was a payment of $1800 which the wife had advanced as a loan. When this state of facts was presented and the garnishee assumed to show the consideration for the payment of the $1800, it was bound by the explanation given. The garnishee by the wife's testimony undertook to show that she did have about $7000 derived from the sale of some stock some time prior to the organization of the Whitten-Chesley Mines Company and that she loaned her money to them and that this $1800 was the repayment. This presented a question of fact which the jury passed upon, and as its finding was adverse to the garnishee neither it nor anyone for it can complain in this court.

The instructions given by the court at the instance of the respondent to which appellant saved exceptions we think properly declared the law. They merely told the jury that if they found that the money deposited in Vera E. Whitten's name with the garnishee was in fact the money of the judgment debtor, and that notice of this fact was given to the garnishee, and notice of the purpose for which it was placed in her name was conveyed to the garnishee, and that said money was in the hands of the garnishee on the date of the service of the writ of garnishment and at the time of receiving said notice, they should find for the plaintiff. These instructions are in harmony with the views herein expressed.

Instruction "A" asked by the appellant and refused by the court was properly refused for the reason that it required that the garnishee be released unless it knew the fraudulent character of the money at the time it was deposited.

Complaint is also made that the trial court erred in striking out of the garnishee's answer the allega-

tion that the money had been paid out to Vera E. Whitten by June 20, 1910, which was five days after the service of the writ of garnishment and the notice. This was properly excluded for the reason that the issue triable was that which existed on June 15, 1910, the date of the service of the writ of garnishment and the notice. "Upon issue joined between plaintiff and the garnishee, . . . the question as to the liability of the garnishee must be determined from the facts as they are found to exist at the date of the service of the writ of garnishment." [20 Cyc. 1102. See, also, United States Nat. Bank v. Pomeroy, 45 Pac. (Kan.) 720; 20 Cyc. 1058; Lindsay v. Brooks, 82 Mo. App. 301.] Besides, the interrogatories which were propounded to the garnishee in this case fixed the date concerning which the garnishee was to answer as of June 15, 1910.

The affidavits of the Whittens had no place in the case as it was not a question of the quantum of diligence required of the garnishee after it received the notice; if it did get notice, and the money belonged to the judgment debtor, it was bound.

We do not think the contention made by the garnishee that the notice was insufficient is well taken because the notice specifically calls the attention of the garnishee to a fund placed on deposit, either in the name of Vera E. Whitten or Mrs. E. G. Whitten, and that it was placed in the custody of the garnishee as an attempt to conceal the same and to prevent garnishment, and the notice sets out the source of the wife's possession of this money, and states that it was placed with the garnishee to defraud the creditors of E. G. Whitten. This is certainly such notice as would put an ordinarily prudent man on inquiry and is sufficient notice to bind a garnishee; and it seems that it did have the proper effect in this case because the record shows that acting on this notice the garnishee took some affidavits to ascertain the true status.

We now approach the last contention to be considered—the refusal of the trial court to require that Vera E. Whitten be made a party although requested by written motion of the garnishee and strenuously insisted on. In order to understand this question it will be necessary to see what was the status of the pleadings at the time the motion was presented. The writ of garnishment as well as the notice of the fraudulent character of the deposit had been served, and the interrogatories had been propounded. After several answers and replies. had been filed, and before the trial was commenced, the court allowed the garnishee to answer (to plaintiff's reply in which it was alleged that the money placed on deposit by Vera E. Whitten was in fact the property of E. G. Whitten derived from the sale of his stock in the corporation) that at the time of the service of the writ of garnishment E. G. Whitten had no deposit with it of any money and that there was no indebtedness owing from the garnishee to E. G. Whitten, and (to quote) "That Vera E. Whitten, the wife of the defendant, on the 6th day of June, 1910, deposited with the garnishee, the sum of $450, in her own name, and received credit on the books of said company in her name therefor; that on the 7th day of June, 1910, the said Vera E. Whitten deposited in her own name with said garnishee the sum of $1300, which was duly credited to her in her name upon the books of said company. . . . Wherefore, garnishee prays that it may be discharged with its costs in this case."

The motion to make Vera E. Whitten a party to this suit is as follows (formal parts omitted):

"Comes now the garnishee in this cause and says that the denial of the plaintiff to its interrogatories herein and its reply to the same, set out and show that the legal title to the deposit in controversy, which is alleged by the plaintiff to be fraudulently made was in the name of Vera E. Whitten, and that said Vera

E. Whitten claims said deposit and that the same has been paid to her by said garnishee, and that the right of said garnishee to pay said property to her cannot be litigated and determined in this cause, so as to bind her and all other parties at interest therein until the said Vera E. Whitten is made a party hereto and that no valid judgment can be rendered against said garnishee until the said Vera E. Whitten, the adverse claimant thereto, is made a party to this proceeding by proper order of this court; and that for the reasons aforesaid, the said Vera E. Whitten is a necessary and indispensable party to this cause for the complete and final determination of the same.

"Wherefore, the garnishee moves the court to make an order upon the said Vera E. Whitten to intervene and appear in said cause at the designated time and place and set out and declare her right and interest in the deposit with said garnishee, in order that the issues in this cause may be fully and finally determined." (Marked: "Filed, June 20, 1912.")

As hereinbefore stated, garnishment is a purely statutory proceeding, unknown to the common law (Norman v. Pennsylvania Fire Ins. Co., 237 Mo. 576, 141 S. W. 618), and we must look to the statute to determine all rights, duties and obligations of the parties affected, as well as the procedure.

The issues in garnishment proceedings are made up by the denial of the answer of the garnishee and the reply thereto. The denial should state the grounds on which a recovery is claimed, and the reply to the denial makes the issue. [Holker v. Hennessey, 141 Mo. 527, 42 S. W. 1090.]

The question in this case, under the pleadings, was, Did the garnishee have any fund in its hands which was the property of the judgment debtor, the husband?

There are two sections of our statute on garnishment which permit third persons claiming property to be made parties. Section 2421, R. S. 1909, permits a person claiming the property attached in the hands of a garnishee to interplead. Under this section, such third party can only interplead where the garnishment is based upon an attachment and not where the garnishment is based upon a general execution. [Wolff v. Vette, 17 Mo. App. 36; Schawacker v. Dempsey, 83 Mo. App. 342.] The other section permitting third persons claiming the property to be made parties is section 2439, R. S. 1909, and under this section such party may be made to intervene and show cause in a garnishment proceeding based either on an attachment or an execution; but as hereinbefore shown, this section relates to assignees or vendees or transferees which relation arose subsequent to the placing of the property with the garnishee.

We see then that under our statutes relating to garnishment Vera E. Whitten could not under the facts of this case interplead of her own motion or be required to intervene on motion of the garnishee. There is no statute in this State in garnishment proceedings which permits a third party occupying the position of Vera E. Whitten to be made a party by the court.

If it was necessary, as contended by appellant, that she be made a party and be bound by the judgment rendered in this case, the appellant had a simple course open by which it could have bound her, and that was by offering her the right to come in and in its name and stead defend the fund, she being the interested party therein, according to appellant's theory. Had it served a notice on her of the pendency of this suit, coupled with an invitation to her to come in and defend in its name and in its stead, then whether or not she came in and defended the result of the judgment rendered would have been as binding on her

as though she had been made a party as requested in the garnishee's motion. If the garnishee had done this, so far as she is concerned this judgment would be *res adjudicata*. No principle of law is better established than that the innocent holder of a fund who has been sued for that fund and in whose name the suit must necessarily be defended may relieve himself of responsibility by giving notice to the real party in interest who claims the fund and inviting him to defend his own property in the litigation in the name of the temporary holder or custodian. Hence the garnishee in this case instead of trying to compel the court to make an order for which there was no legal authority could have bound Vera E. Whitten by this judgment so as to have effected a complete determination of the issue by simply offering her the management of the case. [See 23 Cyc. 1252; Strong v. Insurance Co., 62 Mo. 289, 295; Whittaker v. McCormick, 6 Mo. App. 114; Landis v. Hamilton, 77 Mo. l. c. 565; Koontz v. Kaufman, 31 Mo. App. l. c. 410; Walsh v. Bank, 139 Mo. App. l. c. 646, 123 S. W. 1001.] In the case of City of St. Joseph v. Union Ry. Co, 116 Mo. l. c. 643, 22 S. W. 794, the following language was used: "It was said in Strong v. Ins. Co., 62 Mo. 289, that where one is bound to protect another from liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation and an opportunity to control the proceedings. And the rule was reasserted in Garrison v. The Babbage Transportation Co., 94 Mo. 130. The same principle of law is thus stated in Littleton v. Richardson, 34 N. H. 187: 'When a person is responsible over to another, either by operation of law or by express contract . . . and he is duly notified of the pendency of the suit and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting

the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion . . . will be conclusive against him whether he has appeared or not.' This statement of the rule was approved in City of Boston v. Worthington, 10 Gray, 496. Indeed the rule is too well settled to call for further citation of authorities.''

The reason for the right of intervention, under both statutes or in any case if it is permitted at all, is two-fold; first, it gives the party who claims the property an opportunity to protect himself and not merely rely upon the custodian of the property to protect his interests, and second, it gives protection to the garnishee to avoid a double liability in cases governed by those two sections of the statutes. In this particular case there is no need for such a statute for either of the purposes named because the wife has already received the money and there is no fund for which she desires to litigate; the garnishee has already paid the money to her and it therefore could not get the protection afforded by those statutes, to-wit, of not being required to pay the debt to her provided the court ordered it to pay the money to the plaintiff.

As stated, the main question and the only issue to be determined is, ''Did the money which the garnishee had belong to the judgment defendant?'' The fact that the garnishee alleged that it belonged to the wife was merely a denial that it owed the money to the husband, the judgment defendant, and was a matter of proof, which, if it had been substantiated at the trial and its allegation and proof thereof found to be true by the jury would of course have defeated the liability to the judgment defendant. The issue was not whether the fund belonged to the wife of the judgment defendant, but whether or not it belonged to the judgment defendant, and the proof that it belonged to

the wife would only go to defeat the allegation of the pleading of the plaintiff that it belonged to the judgment defendant; and the fact that she was not made a party to this proceeding in no wise lessened the weight of that evidence. That question was by the court fairly put to the jury to determine whether this money belonged to the judgment defendant, and to prove that it did not belong to him the court allowed the garnishee to show that it belonged to the wife; but the jury did not believe this, and no complaint can be made of their finding in this court.

Besides, the bank after the service of the writ of garnishment and the notice upon it undertook to settle for itself the question as to whom this money belonged; it preferred to take the affidavits of the judgment defendant and his wife rather than disclose all the facts to the court and await the verdict of the jury. Having taken the decision of that question upon itself and paid the money to the wife after service of the writ of garnishment and notice, it cannot then ask that she be made a party to protect it from paying the debt again to her should this garnishment proceeding go against it; and the only purpose of having her intervene at that time would be to fix up a lawsuit for the garnishee to bring against her in the future for a recovery of this money paid out on its own initiative, relying upon the affidavits of the judgment defendant and the wife. As was said in a case somewhat similar to this, so far as the action with reference to the payment is concerned by the assignee (Potter v. Stevens, 40 Mo. 591, 597): "The defendant Stevens assumes in his answer to settle the question of his liability to pay these notes after the service of the garnishment upon him. A prudent man under such circumstances, instead of deciding which of the parties claiming the benefit of these notes were really entitled to it, would have asked the protection of the law. Having elected to pay them to George McDowell, he

has placed it beyond the power of the court to protect him.''

Courts of law as well as courts of equity should, in determining the rights to property, protect all parties interested therein as far as they can consistently do so, but it is not for the courts to pick up some one who is not authorized by statute to be made a party and make him a party to a suit for the purpose of fixing some future liability which may or may not accrue; and this is especially true where the garnishee could have as effectually bound the claimant by giving the proper notice and offering the claimant the laboring oar. As before stated, the only purpose of making the wife a party to this suit under the facts of the case—the money having been paid to her by the garnishee—was to fasten upon her an adjudication of this question so that in the future the bank could bring an action against her for a return of the money which was paid by it to her after the writ of garnishment was served and the notice given.

The motion asking that the wife be required to intervene was properly stricken out for two reasons, first, because there is no section of the statutes permitting the intervention, and second, because there was no right to have it ordered under the facts of this case either at law or in equity. The motion itself is suicidal, asking, as it does, that she be required to do something that the motion shows would be for a useless purpose in this case.

Attention has been called to the instruction approved in the case of Gregg v. Bank, 80 Mo. 251, 255. However, the question on which that case was decided has no bearing on the present case, and while the approved instruction stated that Walker could at the instance of the garnishee be brought in to show cause why the money should not be paid over to the plaintiff, there was no dispute as to whose money it was, and the garnishee very properly held the money and

made answer, and as the plaintiff conceded the right in that particular case, it in no wise attempts to establish the right of having a third party brought in except under the statutes we have referred to in this opinion.

It is the duty of a garnishee to stand neutral in the litigation over the fund in his hands, to disclose all the information it has concerning the fund to the court, and to hold the fund in readiness to abide by the decision of the court. When he follows this course he is entitled to the fullest protection; but when the garnishee, as in this case, abandons his position as stakeholder and takes up the role of a litigant to such an extent that he pays out the fund to one of the parties and takes in place of the fund the chance of defeating the plaintiff, he must be content to accept the outcome of the battle fought out on the field he has chosen.

For the reasons herein appearing, we think the judgment should be affirmed, and it is so ordered. *Sturgis, J.,* concurring; *Robertson, P. J.,* not sitting.